

$ 100.00 DEPOSITED
MAY 3 1 2011
SECURE COSTS
GERALD E. FUERST, Clerk of Courts
PER _____ DEPUTY

**COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | |
|---|---|
| **STANLEY ANDREWS.**<br>10390 Rock Ledge Way<br>North Royalton, Ohio 44133-6082<br><br>**DONALD C. CLARK**<br>1395 Claridon Troy Road<br>Burton, Ohio 44021-9579<br><br>Plaintiffs, on their own behalf and<br>on behalf of the class defined<br>herein,<br><br>vs.<br><br>**NATIONWIDE MUTUAL**<br>**INSURANCE COMPANY**<br>One Nationwide Plaza<br>Columbus, Ohio 43215<br>c/o Statutory Agent:<br>CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114<br><br>and<br><br>**NATIONWIDE LIFE INSURANCE**<br>**COMPANY**<br>One Nationwide Plaza<br>Columbus, Ohio 43215<br>c/o Statutory Agent:<br>CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114<br><br>Defendants. | Case No.        Complaint<br>RICHARD J MCMONAGL<br>CV 11 756463<br>Judge<br><br>**CLASS ACTION COMPLAINT**<br><br>Action for Mandatory Injunctive Relief,<br>Declaratory Judgment, Damages, and Class<br>Certification<br><br>Jury Demand Endorsed Hereon<br><br>Dennis E. Murray, Sr., Esq. (0008783)<br>dms@murrayandmurray.com<br>Florence J. Murray, Esq. (0080292)<br>fjm@murrayandmurray.com<br>Donna A. Evans, Esq. (0072306)<br>dae@murrayandmurray.com<br>MURRAY & MURRAY CO., L.P.A.<br>111 E. Shoreline Drive<br>Sandusky, Ohio 44870<br>Telephone: (419) 624-3000<br>Facsimile: (419) 624-0707<br><br>J.M. Kelley III, Esq. (0061990)<br>jkelley@elkandelk.com<br>Arthur M. Elk, Esq. (0031222)<br>aelk@elkandelk.com<br>David J. Elk, Esq. (0000789)<br>delk@elkandelk.com<br>ELK & ELK Co., Ltd.<br>6105 Parkland Blvd.<br>Mayfield Heights, Ohio 44124<br>Telephone: (440) 442-6677<br>Facsimile: (877) 355-1355<br><br>John T. Murray, Esq. (0008793)<br>jotm@murrayandmurray.com<br>Dennis E. Murray, Jr., Esq. (0038509)<br>dmj@murrayandmurray.com |

# ORIGINAL

Exhibit 1

Margaret M. Murray, Esq. (0066633)
mmm@murrayandmurray.com
Leslie O. Murray, Esq. (0081496)
lom@murrayandmurray.com
Amanda L. Aquino, Esq. (0084902)
amanda.aquino@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio 44870
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

*Attorneys for Plaintiff*

Plaintiffs Stanley Andrews and Donald C. Clark, through their undersigned counsel, commence this action against Defendants Nationwide Mutual Insurance Company and Nationwide Life Insurance Company on their own behalf and on behalf of their class defined hereinafter.

## PARTIES

1. Plaintiff Stanley Andrews, (hereinafter "Plaintiff Andrews,") is a natural person residing in North Royalton, Cuyahoga County, Ohio.

2. Plaintiff Donald C. Clark, (hereinafter "Plaintiff Clark") is a natural person residing in Burton, Geauga County, Ohio.

3. Plaintiffs Andrews in combination with Plaintiff Clark are sometimes hereinafter referred to as "Insureds" or "Class Representatives".

4. Defendant Nationwide Mutual Insurance Company ("Nationwide Mutual" or "Mutual") is an Ohio corporation domiciled in Ohio and with its principal place of business in Columbus, Ohio.

5. Nationwide Mutual is an Ohio holding company whose principal assets are its wholly-owned subsidiaries, including Nationwide Life Insurance Company ("Life").

6. Defendant Mutual, through acts of numerous wholly owned subsidiaries, including Life, and its own acts, is a company organized as a mutual, directly and/or indirectly owned by its policyholders, including the Plaintiffs and the members of their Class.

7. Mutual is engaged in the business of selling life insurance products. The principal purpose of Defendant Mutual is to conduct, oversee and direct the business of insurance including the sale of life insurance through wholly owned subsidiaries.

8. Defendant Nationwide Life Insurance Company is an Ohio corporation domiciled in Ohio and with its principal place of business in Columbus, Ohio.

9. Life is, and, at all pertinent times hereto, has been, engaged in the business of selling life insurance contracts, collecting premiums and, as required, paying death benefits upon the death of its insureds. Defendant Life regularly conducts business in the state of Ohio and throughout the United States of America by selling life insurance policies.

10. Defendant Mutual in combination with Life is and they are, sometimes hereinafter collectively referred to as the Defendants.

## JURISDICTION AND VENUE

11. Jurisdiction and venue are proper in this Court in that Cuyahoga County, Ohio is the county in which one of the Plaintiffs resides, because the contract of insurance of Andrews which gives rise to this cause of action was entered into in Cuyahoga County, Ohio..

## FACTUAL AND SUBSTANTIVE ALLEGATIONS

12. Policyholders in an insurance company, especially those in mutual companies, such as the Defendants, have an associated and mutual relationship with each other and with the mutual insurance company and are therefore interested in the obligations and benefits of such companies as they relate to all policyholders. *New York Life Ins. Co. v. Statham* (1876), 93 U.S.

3

24, 23 L. Ed. 789.  As such, and for the other reasons herein set forth, Plaintiffs have standing to bring all of their causes of action, individually and as set forth hereinafter, on behalf of the Class Members.

13.     Plaintiff Andrews is and, at all times pertinent hereto, has been insured through a life insurance contract with Life, entered into on the 17th day of March, 1992.  Plaintiff Andrews' life insurance policy is attached hereto and made a part hereof.

14.     Plaintiff Clark is and, at all times pertinent hereto, has been insured through a life insurance contract with Life, entered into on the 18th day of October, 1947.  Plaintiff Andrews' life insurance policy is attached hereto and made a part hereof.

15.     Plaintiff Andrews is now 77 years of age.  Plaintiff Clark is now 81 years of age. According to the actuary and mortality tables most applicable to them, the probability of the Plaintiffs and the members of their Class, being deceased as of the filing of this complaint is greater than 70%.

16.     Plaintiff Andrews' age would indicate that the actuarial probability of his mortality is 76%, based upon those standardized tables and the normal and usual professional calculations of the Defendants.

17.     Plaintiff Clark's age would indicate that the actuarial probability of his mortality is 87%, based upon those standardized tables and the normal and usual professional calculations of the Defendants.

18.     Like Plaintiffs, the members of their Class are of the age that actuarially concludes that there is at least a 70% probability of death.

19.     While the Plaintiffs are alive, nevertheless, upon information and belief because of the errors and omissions of the Defendants, as hereinafter described, many of their Class

Members are deceased, and as to such deceased members policy proceeds are owing, which as a result of their deaths, remain unpaid.

20.    Upon information and belief, the Defendants have failed to make reasonable and necessary attempts to determine the actual facts of death and accordingly improperly hold death benefit proceeds for those beneficiaries and payees of the Class Members who are rightfully entitled to those funds.

21.    There exists a database created by the United States Department of Commerce utilizing data from the Social Security Administration entitled the "Death Master File" which would, if inquired of, definitively determine when members of the Class are alive or are deceased.

22.    The members of the Class are of such age and gender that there is at least a 70% probability that they are deceased according to the Life Tables produced in Actuarial Study 120 prepared in 2005 for the Social Security Administration.  Plaintiffs request that this Court take judicial notice of this public study and data available on the federal government's internet site.

23.    Based upon data provided by the National Institutes of Health, the members of the class are of such age that there is also a greater than 13% probability that they have developed dementia of some form.

24.    Upon death and/or upon the instances of dementia, Class Members themselves become incapable of conveying the fact of death or often even of impending death, to the Defendants.

25.    The Defendants, as insurers, are legally authorized by the State of Ohio to conduct their business of life insurance, as to which they engage in throughout the United States, and they have the duty to act in good faith and to conduct their business in a manner that

5

constitutes, at all times, fair dealing, with respect to all aspects of their insurance contracts, including determining when the insurance proceeds become owing to the Plaintiffs and the members of their Class, on a frequency of no less than annually.

26.     Because the relationship between the Class and the Defendants is a contract of insurance, it is a relationship that creates the further positive legal duties to exercise good faith and to engage in fair dealings, as imposed by Ohio law. *Hoskins v. Aetna Life Ins. Co.* (1983), 6 Ohio St.3d 272, 276, 6 Ohio B. 337, 452 N.E.2d 1315.

27.     The Defendants have and have had, during the applicable limitations period, the duty to determine, on at least an annual basis, for the benefit of the Plaintiffs and their Class Members whether it actually owes death benefit payments, without need for proof of claim, whenever there exists, or has in the past, existed, a greater than 70% probability of death with respect to their existing policyholders and/or their beneficiaries and payees of life insurance contracts, or such *lesser probability* of death, as the Court should order.

28.     The Plaintiffs as insureds may bring the within causes of action as to the duties and the breaches of those duties of contract, of good faith and the duty of fair dealings, because of their life insurance contractual relationship with the Defendants, in that the Defendants have failed and continue to fail to act in good faith and/or fail to engage in fair dealings, in the performance of their duties to investigate the fact of death and to also pay the proceeds of the insurance contracts upon the death of many Class Members, even in the absence of a submission of proof of death.

29.     The Defendants as the insurers are liable for their breaches of the insurance contracts and for their breaches of the duties of good faith and fair dealings arising from the insured/insurer relationship.

6

30.     The duties of good faith and of fair dealings overlay and attach to all contracts between the Defendants and the Plaintiffs and their Class Members and those duties operate so as to ensure that the performance of their life insurance contracts fulfill the reasonable expectations of the Plaintiffs and their Class Members.  It is reasonable to expect that the Defendants will pay policy proceeds when policyholders are deceased and such fact may be reasonably determined.

31.     The insured Plaintiffs and their Class Members have the right to have the benefits of the policy paid, whenever and however death of the insured occurs, whenever the Defendants, with reasonable effort, could ascertain that its insureds are, in fact, deceased.

32.     The Plaintiffs, and the members of their Class, as insureds and as parties to the contracts of insurance, and because of the concurrent duties of the Defendants to act in good faith and to conduct themselves so that all such dealings with the Plaintiffs and the Class Members are, and have been, during the Class Period, as hereinafter defined, fair, must be able to and may rely upon the Defendants to fulfill the obligations of the insurance policies with respect to all Class Members who are deceased by paying whatever is and/or has been owing, and to determine, on a frequency of no less than annually, those members of their Class who are deceased.

33.     Life insurance companies, including the Defendants, are required to maintain reserves for amounts necessary to meet all actuarially calculated claims for life insurance, as the policies mature, and to do so according to generally accepted actuarial and assumed mortality standards. Actuaries are responsible for calculating the amount of reserves necessary to provide for future payments on the life insurance contracts that will be due upon the death of the insureds.  These reserves are used to report to all of the applicable agencies for the states in

7

which the Defendants conduct life insurance operations and upon information and belief are also used to offset taxable income.

34.     With the assistance of their staff of actuaries and other life insurance experts, the Defendants should be required by the Court to, at least annually, make the necessary calculations and inquiries to determine the actual instances of deaths of their insureds, the Class Members.

35.     Mutual is, and at all times relevant to this action has been, a mutual company. Because this action relates to the business practices and financial reporting of Defendant Mutual which is, by definition, a mutual company, the members of the Class, as the owners, are affected by the facts stated hereinbefore and hereinafter.

## CLASS ALLEGATIONS

36.     The Ohio statute of limitations applicable to the causes stated herein is Ohio Revised Code Section 2305.06 and, accordingly, the class period ("Class Period") is 15 years prior to the date of commencement of this action.

37.     Plaintiffs bring this action pursuant to Rules 23(A) and 23(B) of the Ohio Rules of Civil Procedure, on their own behalf and on behalf of a class of plaintiffs ("the Class") and a subclass ("Subclass 1"). The Class is defined as:

> Policyholders of life insurance policies, which 1) are currently in force or have been wrongfully cancelled by Mutual and/or Life prior to the payment of death benefits, 2) were held within the period that commenced 15 years prior to the filing of this action, 3) were issued by Mutual and/or Life, 4) where the premiums were either a) paid up, or b) the accumulated cash value of the policy was used to make ongoing premium payments, and 5) where the insureds' ages at any time during which the policies were in force actuarially indicated a 70% probability of death, or such lesser probability of death as the Court should order.

Subclass 1 is defined as:

8

Members of the Class defined above who are actually deceased, and for which no claim has been made on the policy for death benefits and for whom Mutual and/or Life is still holding the death benefit proceeds.

38.     The Class Members are so numerous that joinder is impracticable.

39.     There are questions of law and fact common to the Class Members, which common questions predominate over any questions that affect only individual Class Members. The predominant common questions are:

a.  Whether the Defendants failed to properly distribute policy funds to payees or beneficiaries of members of the Class;

b.  Whether Mutual and/or Life must annually, or more frequently, determine whether an insured is alive, after the insured achieves a certain assumed age;

c.  Whether, if the Defendants are so obligated, what is that assumed age and percentage of probability;

d.  Whether Mutual and/or Life have a duty to reasonably, and at least annually, specifically inquire as to the death of their insureds whenever there exists a greater than 70% probability of death, or such lesser probability of death as the Court should order;

e.  Whether, if a Class Member is, by applicable actuarial and mortality standards, calculated to be among those who are deceased and reasonable inquiry would conclude that to be the case, Mutual and/or Life hold all such funds in trust;

f.  Whether interest owing on such funds, held in trust for the Class members, should be calculated at the highest marginal rate of interest earned by the Defendants during each year of the Class Period;

g.  Whether the Class Members are entitled to Mandatory Injunctive Relief;

h.  Whether the Class Members are entitled to Declaratory Judgment; and,

i.  Whether this matter is properly maintained by the Class Representatives as a nationwide class based upon the fact that the Defendants obligatory conduct is and has been as required by Ohio laws.

40.     The claims of the Plaintiffs are typical of the claims of their Class Members. All claims are based on the same facts and the same legal theories.

41.     Plaintiffs will fairly and adequately represent the interests of the Class Members. Plaintiffs have retained counsel experienced in class action cases.

42.    The primary relief presently sought by the Plaintiffs for themselves and the Class are to secure Declaratory Judgment and Mandatory Injunctive Relief, as hereinafter set forth, and only thereafter to secure the monetary reliefs sought herein.

43.    A class action is superior to other alternative methods of adjudicating this dispute. The Plaintiffs for themselves and the Class Members seek Mandatory Injunctive Relief and Declaratory Judgment which will apply to and benefit thousands, if not millions of Class Members.  By definition, many Class Members and their beneficiaries and payees do not and cannot realize that they are and have been owed monies by the Defendants.

## COUNT I
## FOR MANDATORY INJUNCTIVE RELIEF

44.    The Plaintiffs repeat and incorporate herein all previously well plead averments.

45.    The Plaintiffs bring this count individually and on behalf of the members of the Class who, like Plaintiffs, have reached the age that actuarially indicates a high likelihood of death, herein assumed for this initial pleading purpose, to be greater than 70%, but who, nevertheless, are still alive, and also on behalf of those Class Members who are deceased and as to whom the proceeds of life insurance owing by the Defendants remains unpaid.

46.    The Plaintiffs seek Mandatory Injunctive Relief *Ordering* that the Defendants, at a mortality probability of greater than 70%, or such lesser probability of death as this Court should order, and on a frequency of no less than annually, make reasonable inquiry to determine the life-status of Class Members.

## COUNT II
## FOR DECLARATORY JUDGMENT

47.    The Plaintiffs repeat and incorporate herein all previously well plead averments.

48.    The Plaintiffs bring this count individually and on behalf of the members of the

Class who, like Plaintiffs, have reached the age that actuarially indicates a high likelihood of death but are still alive, and on behalf of those policyholders who are deceased and as to whom the proceeds of life insurance remain unpaid.

49.     The Plaintiffs seek Declaratory Judgment pursuant to Ohio Revised Code Chapter 2721 that the Defendants must: 1. on a frequency of no less than annually, determine which of the Class Members are deceased, and, 2. pay the proceeds of the insurance contract, without first requiring further notice of death, together with that rate of interest that the Court may determine, to the beneficiaries/payees of those Class Members who are deceased.

**COUNT III**
**FAILURE TO ACT IN GOOD FAITH AND TO ENGAGE IN FAIR DEALINGS**

50.     The Plaintiffs repeat and incorporate herein all previously well plead averments.

51.     A unique relationship exists between the Defendants and the Class Members through their contracts for life insurance. This relationship creates a positive legal duty to act in good faith and to engage in fair dealings as to all aspects of the contract and of the relationships of the Defendants to the Plaintiffs and to their Class Members.

52.     The Defendants have breached and continue to breach their duties of good faith and fair dealings when they have failed to pay benefits that became due upon deaths of Class Members that could have been ascertained upon ordinary effort, and when they failed to make such determinations of actual deaths on at least an annual basis.

53.     The failure of the Defendants to make reasonable inquiry of death where there exists a greater than 70% probability (or such lesser probability of death as the Court should order) that its insureds are deceased constitutes a breach of the duties of good faith and fair dealings.

54.     The Defendants breached their duties when they failed to determine, on no less

11

than an annual basis, reasonable ages predicting presumed deaths.

55. As a result, the failures to determine actual deaths, even those for whom no proof of loss was provided, have caused funds to be withheld without justification by the Defendants when those funds should have been paid to the beneficiaries or payees of the Class Members.

56. These funds wrongfully withheld from the Class Members, within the Class Period are held by the Defendants, in trust.

57. As a result of the breaches as herein alleged, the Plaintiffs and the Class Members are entitled to damages in an amount equal to the unpaid proceeds, plus appropriate interest, reasonable fees and expenses, and such other and further relief as may be equitable.

COUNT IV<br>UNJUST ENRICHMENT

58. The Plaintiffs repeat and incorporate herein all previously well plead averments.

59. Defendants failed to make a reasonable inquiry of death where there exists and/or existed a greater than 70% probability (or such lesser probability of death as the Court should determine) that their insureds were deceased, and therefore, they have caused funds to be held by Defendants which should have been paid out as proceeds of the insurance contracts to or for the Class Members' beneficiaries or payees.

60. By their failures to pay the proceeds of the insurance contracts, the Defendants wrongfully retained the proceeds that were owing to the Class Members' beneficiaries or payees.

61. By not determining the actual deaths of the Class Members, the Defendants wrongfully retained all such proceeds and by thereby failing to pay out death benefits that were owing, the Defendants were unjustly enriched.

62. The Defendants have been unjustly enriched at the Class Members' expense. Accordingly, the Defendants hold all such funds in trust for the benefit of the Class Members.

12

63.     The Defendants are obligated to those Class Members who are deceased and their beneficiaries and/or payees for insurance proceeds, interest at the appropriate rate of interest, fees and expenses, and for such other and further relief as may be equitable.

## PRAYER FOR RELIEF

Plaintiff Stanley Andrews and Plaintiff Donald C. Clark pray that this Court grant the following relief in favor of Plaintiffs and their Class Members against the Defendants:

1.     Grant Mandatory Injunctive Relief ordering that the Defendants: 1. at a mortality probability of greater than 70%, or such lesser probability of death as this Court should determine, and on a frequency of no less than annually, make reasonable inquiry to determine the life-status of Class Members;  2. pay all death proceeds owing upon the deaths of Class Members at the Court-determined appropriate rate of interest from the date of actual death; and, 3. to do so regardless of a proof of loss or other required claim.

2.     Grant Declaratory Judgment Relief, pursuant to R.C. Chapter 2721, ordering that the Defendants have a duty: 1. to make the necessary calculations, on a frequency no less than annually, to determine which of the Class Members are deceased; and, 2. to pay the proceeds of the insurance contracts for deceased Class Members without any further notice of death or proof of loss claim, together with the appropriate calculation of damages arising out of the retention of those funds;

3.     Enter judgment in favor of Plaintiffs and the members of their Class against the Defendants for actual damages, punitive damages, costs, reasonable attorneys' fees, and for pre and post judgment interest at the highest rate that the Defendants have historically enjoyed;

4.     Certify this matter as a class action and enter judgment in favor of the Class Members against the Defendants for actual damages, punitive damages, costs, reasonable

attorneys fees, and appropriate interest; and,

5.   Grant such and further relief as may be equitable.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all such matters as may properly be submitted to a jury.

Dennis E. Murray, Sr., Esq. (0008783)
dms@murrayandmurray.com

Florence J. Murray, Esq. (0080292)
fjm@murrayandmurray.com
Donna A. Evans, Esq. (0072306)
dae@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio  44870
Telephone:  (419) 624-3000
Facsimile:   (419) 624-0707

J.M. Kelley III, Esq. (0061990)
jkelley@elkandelk.com

Arthur M. Elk, Esq. (0031222)
aelk@elkandelk.com

David J. Elk, Esq. (0000789)
delk@elkandelk.com
ELK & ELK Co., Ltd.
6105 Parkland Blvd.
Mayfield Heights, Ohio 44124
Telephone:  (440) 442-6677
Facsimile:  (877) 355-1355

John T. Murray, Esq. (0008793)
jotm@murrayandmurray.com
Dennis E. Murray, Jr., Esq. (0038509)
dmj@murrayandmurray.com
Margaret M. Murray, Esq. (0066633)
mmm@murrayandmurray.com
Leslie O. Murray, Esq. (0081496)
lom@murrayandmurray.com
Amanda L. Aquino, Esq. (0084902)
amanda.aquino@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio 44870
Telephone: (419) 624-3000
Facsimile:   (419) 624-0707

*Attorneys for Plaintiff*

## PRAECIPE TO THE CLERK

Please cause the Complaint and the Motion to Transfer to the Commercial Docket to be served upon each Defendant at each of the addresses stated in the caption. Said service is to be by certified mail.

Donna A. Evans, Esq. (0072306)
MURRAY & MURRAY CO., L.P.A.

*Attorney for Plaintiff*



**NATIONWIDE LIFE INSURANCE COMPANY**
Home Office: One Nationwide Plaza
Columbus, Ohio 43216

**PLEASE READ YOUR POLICY CAREFULLY**
This Policy is a legal contract between you and us.

## INSURING AGREEMENT

We issue this Policy in consideration of your application and the payment of the Initial Premium.

We agree to pay the Death Proceeds to the Beneficiary upon receiving proof that the Insured has died while this Policy is in force and before the Maturity Date.

We agree to pay the Maturity Proceeds to you if the Insured is living on the Maturity Date.

You, the Owner, and we, the Company, are bound by the conditions and provisions of this Policy.

## ONE YEAR RIGHT TO EXAMINE

To be certain that you are satisfied with this Policy, you have a one year right to examine it. Within one year after you receive the Policy, you may return it to our Home Office or to the agent who delivered it. We will then void the Policy as if it had never been in force and refund all premiums paid.

Thank you for relying on us.

If you have any questions about your Policy or need more insurance service contact your agent or write to our Home Office.

Signed at the Home Office of the Nationwide Life Insurance Company, One Nationwide Plaza, Columbus, Ohio, on the Policy Date.

*Secretary*                                         *President*

# MODIFIED SINGLE PREMIUM UNIVERSAL LIFE INSURANCE POLICY
\* Limited Premium Flexibility \* Death Proceeds payable at Insured's
death prior to Maturity Date \* Maturity Proceeds payable on the
Maturity Date \* Not eligible for dividends

# CONTENTS

**PAGE**

Accumulated Value ............................................................................................ 9

Age and Sex .................................................................................................... 6

Annual Report ................................................................................................. 6

Beneficiary ...................................................................................................... 7

Death Benefit Provisions ................................................................................. 8

Definitions ....................................................................................................... 4

General Policy Provisions ................................................................................ 5

Grace Period .................................................................................................... 8

Incontestability ................................................................................................ 5

Insured ............................................................................................................ 4

Insuring Agreement ......................................................................................... 1

Loan Provisions ............................................................................................... 11

Nonforfeiture Provisions .................................................................................. 9

Ownership ....................................................................................................... 7

Optional Modes of Settlement Provisions ....................................................... 11

Policy Data Page ............................................................................................. 3

Premium Provisions ......................................................................................... 7

Reinstatement .................................................................................................. 8

Suicide ............................................................................................................. 5

Surrender and Net Surrender Value ................................................................ 10

Termination ..................................................................................................... 6

## POLICY DATA PAGE

PREMIUM INFORMATION:

     INITIAL PREMIUM                          $15,449.61

COVERAGE INFORMATION:

     INITIAL SPECIFIED AMOUNT            $43,431.94

     MATURITY DATE                     MARCH 17, 2029

### SCHEDULE OF BENEFITS

| FORM NUMBER | BENEFIT | AMOUNT | COVERAGE STARTS | STOPS * |
|---|---|---|---|---|
| VLOL-2 | MODIFIED SINGLE PREMIUM UNIVERSAL LIFE | | | |
| | INITIAL SPECIFIED AMOUNT | $43,431.94 | 03/17/1992 | 03/17/2029 |
| | RATE CLASS:      STANDARD-SIMPLIFIED | | | |
| | RATE CLASS MULTIPLE:      1.00 | | | |
| | RATE TYPE:      NON-SMOKER | | | |

\* COVERAGE MAY EXPIRE PRIOR TO THE DATES SHOWN IF THE INITIAL SINGLE PREMIUM
PLUS ANY ADDITIONAL PREMIUMS PAID ARE INSUFFICIENT TO CONTINUE COVERAGE TO
SUCH DATES.  PLEASE SEE "CONTINUATION OF INSURANCE PROVISION".

ISSUE INFORMATION:

INSURED   STANLEY J ANDREWS                INSURED'S

OWNER     STANLEY J ANDREWS                ISSUE AGE        58

POLICY NUMBER  B300086550                SEX           MALE

POLICY DATE      MARCH 17, 1992     RATE CLASS     STANDARD-SIMPLIFIED

                                    RATE TYPE         NON-SMOKER

INSURED  STANLEY J ANDREWS

POLICY NUMBER  B300086550

POLICY DATA PAGE

INITIAL SPECIFIED AMOUNT
SURRENDER CHARGES

| POLICY YEAR | SURRENDER CHARGE | POLICY YEAR | SURRENDER CHARGE |
|---|---|---|---|
| 1 | $1,313.22 | 6 | $1,081.47 |
| 2 | $1,313.22 | 7 | $926.98 |
| 3 | $1,235.97 | 8 | $772.48 |
| 4 | $1,235.97 | 9 | $617.98 |
| 5 | $1,158.72 | 10+ | $0.00 |

GUARANTEED INTEREST CREDITING RATES (PER ANNUM)

APPLIED

| NON-LOANED ACCUMULATED VALUE | 6.00% FIRST YEAR 4.00% THEREAFTER | TO NON-LOANED ACCUMULATED VALUE |
|---|---|---|
| PREFERRED POLICY LOANS | 7.00% FIRST YEAR 5.50% THEREAFTER | TO ANY PREFERRED POLICY LOANS |
| REGULAR POLICY LOANS | 4.50% ALL YEARS | TO ANY REGULAR POLICY LOANS |

GUARANTEED POLICY LOAN INTEREST RATE (PER ANNUM)

| MAXIMUM POLICY LOAN RATE | 7.00% | TO TOTAL POLICY INDEBTEDNESS |
|---|---|---|

PAGE 2 (CONTINUED)                    G1843

INSURED  STANLEY J ANDREWS

POLICY NUMBER  B300086550

POLICY DATA PAGE

TABLE OF MINIMUM VALUES

SURRENDER AND CONTINUATION OF INSURANCE VALUES SHOWN BELOW ARE CALCULATED
ACCORDING TO THE PROVISIONS OF THIS POLICY.  THE VALUES IN THIS TABLE ARE
BASED ON THE FOLLOWING ASSUMPTIONS:

- THE INITIAL SINGLE PREMIUM IS RECEIVED BY US ON THE POLICY DATE.  NO
  ADDITIONAL PREMIUM PAYMENTS ARE MADE.

- THE SPECIFIED AMOUNT IS NOT CHANGED.

- THERE ARE NO POLICY LOANS.

- GUARANTEED MAXIMUM MONTHLY COST OF INSURANCE RATES AND GUARANTEED
  MINIMUM INTEREST RATE OF  6.00% IN THE FIRST POLICY YEAR AND 4.00%
  THEREAFTER ARE USED IN THE CALCULATION OF THESE VALUES.

IF DIFFERENT ASSUMPTIONS ARE USED, DIFFERENT VALUES WILL RESULT.  VALUES
DURING A POLICY YEAR WILL BE DETERMINED ON A BASIS CONSISTENT WITH THAT USED
TO CALCULATE VALUES AT THE END OF THE POLICY YEARS.

| END OF POLICY YEAR | ATTAINED AGE OF INSURED | GUARANTEED MINIMUM CASH SURRENDER OR LOAN VALUE | CONTINUATION OF INSURANCE | |
|---|---|---|---|---|
| | | | YEARS | MONTHS# |
| 1 | 59 | $15,449.61 | 18 | 3 |
| 2 | 60 | $15,449.61 | 17 | 3 |
| 3 | 61 | $15,449.61 | 16 | 3 |
| 4 | 62 | $15,449.61 | 15 | 3 |
| 5 | 63 | $15,449.61 | 14 | 3 |
| 6 | 64 | $15,463.53 | 13 | 3 |
| 7 | 65 | $15,557.88 | 12 | 3 |
| 8 | 66 | $15,566.93 | 11 | 3 |
| 9 | 67 | $15,476.90 | 10 | 3 |
| 10 | 68 | $15,735.55 | 9 | 3 |
| 11 | 69 | $15,241.01 | 8 | 3 |
| 12 | 70 | $14,584.33 | 7 | 3 |
| 13 | 71 | $13,728.55 | 6 | 3 |
| 14 | 72 | $12,625.35 | 5 | 3 |
| 15 | 73 | $11,209.97 | 4 | 3 |
| 16 | 74 | $9,401.77 | 3 | 3 |
| 17 | 75 | $7,101.57 | 2 | 3 |
| 18 | 76 | $4,187.69 | 1 | 3 |
| 19 | 77 | $504.22 | 0 | 3 |
| 20 | 78 | (*) | 0 | 0 |

INSURED   STANLEY J ANDREWS

POLICY NUMBER   B300086550

## POLICY DATA PAGE

### TABLE OF MINIMUM VALUES

| END OF POLICY YEAR | ATTAINED AGE OF INSURED | GUARANTEED MINIMUM CASH SURRENDER OR LOAN VALUE | CONTINUATION OF YEARS | INSURANCE MONTHS# |
|---|---|---|---|---|
| 21 | 79 | (*) | 0 | 0 |
| 22 | 80 | (*) | 0 | 0 |
| 23 | 81 | (*) | 0 | 0 |
| 24 | 82 | (*) | 0 | 0 |
| 25 | 83 | (*) | 0 | 0 |

*   THE POLICY WILL LAPSE UNLESS ADDITIONAL PREMIUMS ARE PAID

### BASIS OF COMPUTATION

MORTALITY TABLE:     COMMISSIONERS MALE NON-SMOKER 1980 EXTENDED TERM
                     MORTALITY TABLE AGE LAST BIRTHDAY

INTEREST RATE:     4.00% ANNUAL EFFECTIVE RATE

## POLICY DATA PAGE

### TABLE OF GUARANTEED MAXIMUM MONTHLY COST OF INSURANCE RATES PER $1,000

| ATTAINED AGE | RATE | ATTAINED AGE | RATE | ATTAINED AGE | RATE |
|---|---|---|---|---|---|
| 0 | 0.28545 | 35 | 0.20689 | 70 | 4.03589 |
| 1 | 0.14848 | 36 | 0.21446 | 71 | 4.48483 |
| 2 | 0.14514 | 37 | 0.22447 | 72 | 5.00548 |
| 3 | 0.14347 | 38 | 0.23532 | 73 | 5.59747 |
| 4 | 0.14013 | 39 | 0.24700 | 74 | 6.25318 |
| 5 | 0.13590 | 40 | 0.26125 | 75 | 6.95944 |
| 6 | 0.13179 | 41 | 0.27794 | 76 | 7.71129 |
| 7 | 0.12767 | 42 | 0.29886 | 77 | 8.50421 |
| 8 | 0.12511 | 43 | 0.32145 | 78 | 9.34386 |
| 9 | 0.12428 | 44 | 0.34648 | 79 | 10.25772 |
| 10 | 0.12511 | 45 | 0.37491 | 80 | 11.27720 |
| 11 | 0.13018 | 46 | 0.40507 | 81 | 12.43538 |
| 12 | 0.13930 | 47 | 0.43780 | 82 | 13.75908 |
| 13 | 0.15181 | 48 | 0.47374 | 83 | 15.24949 |
| 14 | 0.16600 | 49 | 0.51314 | 84 | 16.88564 |
| 15 | 0.18102 | 50 | 0.55764 | 85 | 18.63742 |
| 16 | 0.19526 | 51 | 0.60868 | 86 | 20.48492 |
| 17 | 0.20605 | 52 | 0.66745 | 87 | 22.40789 |
| 18 | 0.21446 | 53 | 0.73552 | 88 | 24.39964 |
| 19 | 0.21946 | 54 | 0.81110 | 89 | 26.49421 |
| 20 | 0.22107 | 55 | 0.89526 | 90 | 28.72914 |
| 21 | 0.20111 | 56 | 0.98705 | 91 | 31.16715 |
| 22 | 0.19854 | 57 | 1.08480 | 92 | 33.92029 |
| 23 | 0.19526 | 58 | 1.19281 | 93 | 37.29892 |
| 24 | 0.19193 | 59 | 1.31536 | 94 | 42.04631 |
| 25 | 0.18775 | 60 | 1.45161 | 95 | 49.67535 |
| 26 | 0.18525 | 61 | 1.60325 | | |
| 27 | 0.18352 | 62 | 1.77896 | | |
| 28 | 0.18289 | 63 | 1.97804 | | |
| 29 | 0.18289 | 64 | 2.19977 | | |
| 30 | 0.18352 | 65 | 2.44343 | | |
| 31 | 0.18609 | 66 | 2.70742 | | |
| 32 | 0.18936 | 67 | 2.99126 | | |
| 33 | 0.19443 | 68 | 3.30096 | | |
| 34 | 0.20021 | 69 | 3.64465 | | |

ACTUAL MONTHLY COST OF INSURANCE RATES WILL BE DETERMINED BY US BASED ON OUR
EXPECTATIONS AS TO FUTURE EXPERIENCES.  HOWEVER, THE ACTUAL COST OF INSURANCE
RATES WILL NOT BE GREATER THAN THOSE SHOWN ABOVE.  THE GUARANTEED MAXIMUM MON-
THLY COST OF INSURANCE RATES SHOWN ABOVE ARE BASED ON THE COMMISSIONERS MALE
NON-SMOKER 1980 EXTENDED TERM MORTALITY TABLE AGE LAST BIRTHDAY.

PAGE 3 (CONTINUED)                                    G1843

# DEFINITIONS

**ACCUMULATED VALUE**
The Accumulated Value is the dollar amount used to compute your Net Surrender Value. Refer to the "Nonforfeiture Provisions" for details.

**AGE**

**ATTAINED AGE**
Attained Age is the Issue Age plus the number of full years since your Policy was issued.

**ISSUE AGE**
Issue Age is the Insured's age on the last birthday before the Policy Date. It is shown on the Policy Data Page.

**BENEFICIARY**
The Beneficiary is the person to whom the Death Proceeds are paid when the Insured dies. The Beneficiary is named in the application, unless changed.

**CASH SURRENDER VALUE**
The Cash Surrender Value is the Accumulated Value minus any Surrender Charge.

**COMPANY**
The Company is the Nationwide Life Insurance Company. "We," "our," and "us" refer to the Company.

**CONTINGENT BENEFICIARY**
The Contingent Beneficiary will become the Beneficiary if the named Beneficiary dies prior to the date of the death of the Insured. The Contingent Beneficiary is named in the application, unless changed.

**CONTINGENT OWNER**
The Contingent Owner will become the Owner if the named Owner dies prior to the date of the death of the Insured. The Contingent Owner is named in the application, unless changed.

**DEATH PROCEEDS**
The Death Proceeds means the amount of money payable to the Beneficiary if the Insured dies while this Policy is in force. Refer to the "Death Benefit Provisions" for details.

**INDEBTEDNESS**
Indebtedness is any amount you owe us as a result of a Policy Loan – – principal amount plus accrued interest.

**INITIAL PREMIUM**
The Initial Premium is the premium required for coverage to become effective on the Policy Date. It is shown on the Policy Data Page.

**INITIAL PREMIUM RECEIPT DATE**
The Initial Premium Receipt Date is the later of the Policy Date or the date we receive the Initial Premium at our Home Office.

**INSURED**
The Insured is the person whose life is covered by this insurance Policy and named in the application.

**MATURITY DATE**
The Maturity Date is the Policy Anniversary on or next following the Insured's 95th birthday.

**MATURITY PROCEEDS**
Maturity Proceeds is the amount of money payable to you on the Maturity Date if your Policy is still in force. The Maturity Proceeds will be equal to the amount of Accumulated Value, less any Indebtedness.

**MONTHLY ANNIVERSARY DAY**  The Monthly Anniversary Day is the same day as the Policy Date for each succeeding month.

**NET SURRENDER VALUE**  The Net Surrender Value is the Cash Surrender Value minus any Indebtedness.

**OWNER**  The Owner is as stated in the application unless later changed and endorsed on this Policy. "You" or "your" refer to the Owner of this Policy.

**POLICY ANNIVERSARY**  The Policy Anniversary is the same day and month as the Policy Date for each succeeding year.

**POLICY DATE**  The Policy Date is the date your Policy is scheduled to start. It is shown on the Policy Data Page. Policy years and policy months are measured from the Policy Date.

**PROCEEDS**  The Proceeds are the amount payable on the Maturity Date, on the surrender of this Policy prior to the Maturity Date, or upon the death of the Insured.

**SPECIFIED AMOUNT**  Specified Amount is a dollar amount used to determine the death benefit of your Policy. It is shown on the Policy Data Page.

# GENERAL POLICY PROVISIONS

**ENTIRE CONTRACT**  The entire contract consists of this Policy, any endorsements, and the attached copy of any written application, including any written supplemental applications.

Any agreement to alter this contract must be in writing on our official forms and signed by our President or Secretary. We will not be bound by any promise or representations made by any agent or other persons.

**APPLICATION**  All statements made in an application are considered representations and not warranties. In issuing this Policy, we have relied on the statements made in an application to be true and complete. No such statement will be used to void the Policy or deny a claim unless that statement is a material misrepresentation.

**INCONTESTABILITY**  We will not contest payment of the Death Proceeds based on the Initial Specified Amount after this Policy has been in force during the Insured's lifetime for 2 years from the Policy Date.

We will not contest payment of the Death Proceeds based on any increase in the Specified Amount (issued after the Policy Date) after such an increase has been in force during the Insured's lifetime for 2 years from its effective date.

**SUICIDE**  If the Insured commits suicide, while sane or insane, within 2 years from the Policy Date, we will not pay the Proceeds normally payable on the Insured's death. Instead, we will pay the Beneficiary an amount equal to all premiums paid prior to the Insured's death, less any Indebtedness.

If the Insured commits suicide, while sane or insane, within 2 years from the effective date of any increase in the Specified Amount, our liability with respect to such an increase will be limited to its cost.

**ERROR IN AGE OR SEX**   If the age or sex of the Insured has been misstated, all payments and benefits under the Policy will be those which the premium paid would have purchased at the Insured's correct age and sex.

Where required, we have given the insurance regulator a detailed statement of how we will make these adjustments.

**PAYMENT OF PROCEEDS**   Unless an optional mode of settlement is elected, the Death Proceeds will be paid in one sum to the Beneficiary. Unless an optional mode of settlement is elected, any Proceeds payable on the Maturity Date or upon surrender of this Policy will be paid in one sum to you.

**EFFECTIVE DATE OF COVERAGE**   The effective date of coverage of any person insured under your Policy is as follows:

1. The Policy Date is the effective date for all coverage provided in the original application.

2. For any increase or addition to coverage, the effective date will be the Monthly Anniversary Day on or next following the date we approve the supplemental application.

3. For any insurance that has been reinstated, the effective date is the Monthly Anniversary Day on or next following the date we approve the application for reinstatement.

**TERMINATION**   All coverage under your Policy will terminate when any one of the following events occur:

1. you request in writing that coverage terminate;

2. the Insured dies;

3. the Policy matures; or

4. the Grace Period ends.

**PRIVILEGE OF EXCHANGE**   You may exchange this Policy for another plan of insurance, subject to our approval. You must furnish any evidence of insurability we require and pay all costs associated with the exchange.

**ANNUAL REPORT**   We will send you a report at least once a year, which shows the current Accumulated Value, Net Surrender Value, amount of insurance, premiums paid, all changes since the last report and outstanding Policy Loans.

The report will also include any other information required by state laws and regulations. We will mail this report to your last known address.

**NONPARTICIPATION**   This is a nonparticipating Policy on which no dividends are payable. This Policy will not share in our profits or surplus earnings.

**ILLUSTRATION OF BENEFITS AND VALUES**   We will provide a projection of illustrative future benefits and values under this Policy at any time. Your written request and payment of a service fee set by us at the time of the request will be required.

# OWNER, BENEFICIARY, AND ASSIGNMENT PROVISIONS

**OWNERSHIP**

While the Insured is living, all rights in your Policy belong to you. Your rights in your Policy belong to your estate if you die before the Insured and there is no Contingent Owner.

You may name a Contingent Owner or a new Owner at any time while the Insured is living. If a new Owner is named, any earlier designation is automatically revoked. Any change must be in a written form satisfactory to us and recorded at our Home Office. Once recorded, the change will take effect as of the date you signed it. It will not affect any payment made or action taken by us before it was recorded. We may require that you send us your Policy for endorsement before making a change.

**BENEFICIARY**

The Beneficiary and Contingent Beneficiary on the Policy Date are named in the application. More than one Beneficiary or Contingent Beneficiary may be named. If more than one Beneficiary is alive when the Insured dies, we will pay them in equal shares, unless you have provided otherwise.

If any Beneficiary dies before the Insured, that Beneficiary's interest will be paid to any surviving Beneficiaries or Contingent Beneficiaries according to their respective interests, unless you have provided otherwise. If no Beneficiary is living at the Insured's death, we will consider you or your estate to be the Beneficiary.

While the Insured is living, you may change any Beneficiary or Contingent Beneficiary. Any change must be in a written form satisfactory to us and recorded at our Home Office. Once recorded, the change will take effect as of the date you signed it. It will not affect any payment made or action taken by us before it was recorded. We may require that you send us your Policy for endorsement before making a change.

**ASSIGNMENT**

While the Insured is living, you may assign all rights under your Policy. We will not be bound by any assignment unless it is in writing and is recorded at our Home Office.

An assignment will not affect any payments made or actions taken by us before we record it. We will not be responsible for the sufficiency or validity of any assignment.

The assignment will be subject to any Indebtedness owed to us before it was recorded. The interest of any Beneficiary will be subject to the rights of any assignee of record at our Home Office.

# PREMIUM PROVISIONS

**PREMIUM PAYMENTS**

The initial premium is due on the Policy Date. It will be credited as of the Initial Premium Receipt Date. Insurance will not be effective until the initial premium is paid. Other premiums may be paid at anytime while your Policy is in force subject to the limits described below.

You may pay the initial premium to us at our Home Office or to an authorized registered representative. All premiums after the first are payable at our Home Office. A receipt, signed by our President or Secretary, will be furnished upon request.

**LIMITS**

Additional premium payments under the Policy will be permitted only under the following circumstances:

1.  An additional premium payment is required to keep the Policy in force subject to the Grace Period Provisions.

2.  Additional premium payments of at least $1,000 may be made at any time provided

the premium limits prescribed by the Internal Revenue Service to qualify the Policy as a life insurance contract are not violated.

Payment of additional premiums may be made at any time, and if accepted may increase the Specified Amount of insurance. However, the Company reserves the right to require satisfactory evidence of insurability before accepting any additional premium payment which results in an increase in the net amount at risk. If the payment causes an increase in the Specified Amount, we will send you new Policy Data Pages.

**GRACE PERIOD**

If the Net Surrender Value on a Monthly Anniversary Day is not sufficient to cover any policy charges which are due but unpaid, a grace period of 61 days will be allowed for the payment of sufficient premium to keep your Policy in force. We will send you a notice at the start of the Grace Period at your last known address. The Grace Period will end 61 days after we mail you the notice.

If sufficient premium is not paid by the end of the Grace Period, the Policy will terminate without value. A minimum of 3 times the Guaranteed Cost of Insurance charge must be paid. If the Insured dies during the Grace Period, we will pay the Death Proceeds.

**REINSTATEMENT**

If the Grace Period has ended and you have not paid the required premium and have not surrendered your Policy for its Net Surrender Value, you may reinstate your Policy if you:

1.  submit a written request at any time within 3 years after the end of the Grace Period and prior to the Maturity Date;

2.  provide evidence of insurability satisfactory to us;

3.  pay sufficient premium to cover the cost of all Policy charges that were due and unpaid during the Grace Period;

4.  pay sufficient premium to keep the Policy in force for 3 months from the date of reinstatement; and

5.  pay or reinstate any Indebtedness against the Policy which existed at the end of the Grace Period.

The effective date of a reinstated policy will be the Monthly Anniversary Day on or next following the date the application for reinstatement is approved by us.

If your Policy is reinstated, the Accumulated Value on the date of reinstatement, but prior to applying any premiums or loan repayments received, will be set equal to the appropriate Surrender Charge. Such Surrender Charge will be based on the length of time from the Policy Date to the effective date of the reinstatement.

# DEATH BENEFIT PROVISIONS

**DEATH BENEFIT**

If the Insured dies while the Policy is in force, your Policy will provide a death benefit. While the Policy is in force, the death benefit will be the greater of:

1.  The Specified Amount on the date of death, or

2.  The Applicable Percentage of the Accumulated Value on the date of death.

The Applicable Percentage of the Accumulated Value vary by Attained Age and are shown in the following table.

## APPLICABLE PERCENTAGE OF ACCUMULATED VALUE TABLE

| Attained Age | Percentage of Accumulated Value | Attained Age | Percentage of Accumulated Value | Attained Age | Percentage of Accumulated Value |
|---|---|---|---|---|---|
| 0-40 | 250% | 60 | 130% | 80 | 105% |
| 41 | 243% | 61 | 128% | 81 | 105% |
| 42 | 236% | 62 | 126% | 82 | 105% |
| 43 | 229% | 63 | 124% | 83 | 105% |
| 44 | 222% | 64 | 122% | 84 | 105% |
| 45 | 215% | 65 | 120% | 85 | 105% |
| 46 | 209% | 66 | 119% | 86 | 105% |
| 47 | 203% | 67 | 118% | 87 | 105% |
| 48 | 197% | 68 | 117% | 88 | 105% |
| 49 | 191% | 69 | 116% | 89 | 105% |
| 50 | 185% | 70 | 115% | 90 | 105% |
| 51 | 178% | 71 | 113% | 91 | 104% |
| 52 | 171% | 72 | 111% | 92 | 103% |
| 53 | 164% | 73 | 109% | 93 | 102% |
| 54 | 157% | 74 | 107% | 94 | 101% |
| 55 | 150% | 75 | 105% | 95 | 100% |
| 56 | 146% | 76 | 105% | | |
| 57 | 142% | 77 | 105% | | |
| 58 | 138% | 78 | 105% | | |
| 59 | 134% | 79 | 105% | | |

**DEATH PROCEEDS**

The actual amount of money payable to the Beneficiary if the Insured dies while your Policy is in force is called the Death Proceeds. The Death Proceeds equals (1), minus (2), minus (3), where:

1.   is the death benefit provided by your Policy;

2.   is any Indebtedness; and

3.   is any due and unpaid Policy charges accruing during a grace period.

We will pay the Death Proceeds to the Beneficiary after we receive at our Home Office proof of death satisfactory to us and such other information as we may reasonably require. The Death Proceeds will be adjusted under certain conditions. Refer to the Incontestability, Suicide, and Error in Age or Sex Provisions.

## NONFORFEITURE PROVISIONS

**ACCUMULATED VALUE**

The Accumulated Value on the Initial Premium Receipt Date is equal to the Initial Premium. On each Monthly Anniversary Day, the Accumulated Value will be calculated as follows:

1.   the Accumulated Value on the preceding Monthly Anniversary Day; plus

2.   one month's interest on item (1), plus

3.   any additional premiums received since the preceding Monthly Anniversary Day; plus

4.   pro rata interest to this Monthly Anniversary Day on item (3); minus

5.   any applicable monthly deduction for the cost of insurance for the month following the Monthly Anniversary Day.

Policy to be sent to us for endorsement before we pay the full Net Surrender Value. The Net Surrender Value will be paid in cash or under an elected optional mode of settlement. All coverage will end on the date we receive the written request.

If surrender is requested within 30 days after a Policy Anniversary, the Net Surrender Value will not be less than the Net Surrender Value on that anniversary, less any Policy Loans made on or after such anniversary. We reserve the right to defer the payment of the Net Surrender Value for the period permitted by law, but not for more than 6 months after receipt of written request for surrender.

**BASIS OF COMPUTATIONS**

The basis for calculation of Minimum Cash Surrender Values are shown on the Policy Data Pages. A detailed statement of the method of computation of Cash Surrender Values under this Policy has been filed with the Insurance Department of the state in which this Policy was delivered. Cash Surrender Values under this Policy are not less than the minimums required on the Policy Date by the state in which this Policy was delivered.

**CONTINUATION OF INSURANCE**

If additional premium payments are not made, insurance coverage under this Policy will be continued in force. Such coverage will be continued as provided in the Grace Period Provision. This provision will not continue the Policy beyond the Maturity Date.

## LOAN PROVISIONS

**MAXIMUM LOAN VALUE**

The maximum loan value is equal to 100% of the Cash Surrender Value on the loan date less loan interest that becomes due on the next Policy Anniversary.

**POLICY LOAN**

After the first policy year, you may request a loan at any time while your Policy is in force. The loan must be requested in writing on a form acceptable to us. The amount of the loan and all existing loans may not be more than the maximum loan value as of the loan date. The loan date is the date we process the loan. The smallest loan we will make is the minimum loan amount. The minimum loan amount is $500. The loan will be made upon the sole security of the Policy and proper assignment of your Policy to us.

**POLICY LOAN CLASSIFICATION**

Each policy loan and any policy loan interest which becomes due and is unpaid will be classified as either a Preferred Loan or a Regular loan. Any such amounts which are less than or equal to the Accumulated Value less the total premium payments less any existing Policy Indebtedness will be classified as Preferred loans. Any additional amounts will be classified as Regular loans.

**LOAN INTEREST**

The loan interest rate is 7% per year. Interest is charged daily and payable at the end of each policy year. Unpaid interest will be added to the existing Indebtedness as of the due date and will be charged interest at the same rate as the rest of the loan.

**LOAN REPAYMENT**

All or part of a loan may be repaid to us at any time while your Policy is in force during the Insured's lifetime. Any payment intended as a loan repayment, rather than a premium payment, must be identified as such. Each repayment must be at least $250.

Any Indebtedness that exists at the end of the Grace Period may not be repaid unless this Policy is reinstated.

**TERMINATION OF POLICY**

If the total Indebtedness ever equals or exceeds the Cash Surrender Value, this Policy will terminate without value, as described in the Grace Period Provision.

## OPTIONAL MODES OF SETTLEMENT PROVISIONS

Proceeds may be paid in a lump sum. Optional modes of settlement are also available. One or a combination of settlement options may be chosen. A settlement option may be chosen only if the total amount placed under the option is at least $2,000.00 and each payment is at least $20.00.

On any day other than a Monthly Anniversary Day, the Accumulated Value will be:

1. the Accumulated Value on the preceding Monthly Anniversary Day; plus

2. any additional premiums received since the preceding Monthly Anniversary Day; plus

3. pro rata interest to date on items (1) and (2).

**MONTHLY COST OF INSURANCE**

A deduction may be made on each Monthly Processing Day for the monthly cost of insurance. This monthly deduction, if taken, will be determined by multiplying the monthly cost of insurance rate by the net amount at risk. The net amount at risk is determined as the death benefit at the beginning of the policy month divided by 1.00327374, less the Accumulated Value at the beginning of the policy month. At no time will the monthly cost of insurance rate exceed those shown in the table of Guaranteed Maximum Insurance Rates on the Policy Data Page.

If there have been increases in the Specified Amount, then the Accumulated Value shall be first considered a part of the initial Specified Amount. If the Accumulated Value exceeds the initial Specified Amount, it shall then be considered a part of additional increases in Specified Amounts resulting from increases in the order of the increases.

These guaranteed maximum monthly cost of insurance rates vary based on Attained Age, sex, smoker classification and issue class. For all policies issued on a Standard – Simplified basis, maximum rates are based on the commissioners 1980 Extended Term Mortality Table, Age Last Birthday. For all policies issued on a Standard – Preferred basis, maximum rates are based on the commissioners 1980 Standard Ordinary Mortality Table, Age Last Birthday. For all policies issued on a Substandard basis, maximum rates will be based on appropriate percentage multiples of the Commissioners 1980 Standard Ordinary Mortality Table, Age Last Birthday. Smoker classification and issue class are shown on the Policy Data Pages. Where required, we have given the insurance regulator a detailed statement of how we calculate maximum cost of insurance charges.

Instead of making a monthly deduction for cost of insurance charges, the Company reserves the right to be compensated for the cost of insurance by reflecting such cost on an aggregate basis in determining the current interest crediting rate.

**INTEREST RATE**

The guaranteed minimum interest rates used in calculating Accumulated Values are shown on the Policy Data Pages. Interest in excess of these guaranteed rates may be used in the calculation of Accumulated Values. The current interest rate will be guaranteed to the end of the month following the first Policy Anniversary. Annually thereafter, any excess interest rates will be guaranteed for the following twelve months. Where required, we have filed our method for determining current interest rates with the Insurance Department in which this Policy was delivered.

**SURRENDER CHARGE**

The surrender charge is taken from the Accumulated Value. The amount and duration of the surrender charges are shown in the Table of Surrender Charges on the Policy Data Page.

Any additional premium payments accepted that result in an increase in the Specified Amount will result in additional surrender charges. In these situations, we will provide you with new Policy Data Pages.

During the first ten policy years, the Cash Surrender Value will not be less than the premiums paid less any outstanding Policy Indebtedness.

**NET SURRENDER VALUE**

This Policy may be surrendered at any time while it is in force. You must submit a written request. The Net Surrender Value of this Policy on the date of surrender is equal to:

1. the Accumulated Value;

2. minus any Indebtedness; and

3. minus any surrender charge, as defined above.

The date of surrender will be the date we receive the written request. We may require this

A settlement option election may be changed at any time by proper written request to our Home Office. Once recorded, it will become effective on the date it was requested. We may require proof of the age and sex of any person to be paid under a settlement option. While this Policy is in force, you may choose or change settlement options at any time. If no settlement option has been chosen prior to the Insured's death, the Beneficiary may choose one. A change of Beneficiary automatically revokes any option in effect.

When Proceeds become payable under any option, a Settlement Contract is issued in exchange for this Policy. The new contract's effective date is the date of the Insured's death or the date this Policy is surrendered.

Settlement option payments are not assignable. To the extent allowed by law, settlement option payments are not subject to the claims of creditors or to legal process.

Under Options 2, 3, 4, and 5, payments will be made at the beginning of each 12, 6, 3, or 1 month interval beginning on the effective date of the Settlement Contract. Under Option 1 and 6, payments will be made at the end of every 12, 6, 3, or 1 month interval from the Settlement Contract's effective date.

Under Options 1, 2, and 4, withdrawal of any outstanding balance may be made by written request to our Home Office. No amount left with us under Option 3, 5, or 6 may be withdrawn.

Options 1, 2, 4, and the guaranteed period of Option 3, provide for payment of interest at a guaranteed minimum interest rate of 2 1/2% per year, compounded annually. Any interest to be paid in excess of this rate will be determined once a year.

| | |
|---|---|
| **OPTION 1**<br>**INTEREST INCOME** | The Proceeds remain with us to earn interest. This interest may be left to accumulate or be paid periodically as stated above. |
| **OPTION 2**<br>**INCOME FOR A**<br>**FIXED PERIOD** | Proceeds remaining with us will be paid over a specified number of years (not exceeding 30 years). Each payment consists of a portion of the Proceeds plus a portion of the interest credited on the outstanding balance. The amount payable monthly for each $1,000.00 left with us will be at least the amount shown in the Option 2 Table. |
| **OPTION 3**<br>**LIFE INCOME WITH**<br>**PAYMENTS**<br>**GUARANTEED** | Payments are made for a guaranteed period of 10, 15, or 20 years, and thereafter for the remainder of a payee's lifetime. The amount payable monthly for each $1,000.00 left with us is shown in the Option 3 Table, according to the payee's sex and age on the effective date of the Option. |
| **OPTION 4**<br>**FIXED INCOME FOR**<br>**VARYING PERIODS** | The Proceeds may be left on deposit with us at interest with payments of a fixed amount being paid at specified intervals until principle and interest have been exhausted. The last payment will be for the balance only. The total amount payable each year may not be less than 5% of the original proceeds (i.e., not less than $50.00 per annum of each $1,000.00 of original proceeds). |
| **OPTION 5**<br>**JOINT AND**<br>**SURVIVOR LIFE**<br>**INCOME** | Equal payments will be made for the longer of the lives of two named payees. In other words, when one payee dies, the same payment continues to be paid for the remainder of the surviving payee's life. We will furnish values for other age combinations (than those shown in Option 5 Table) upon request. |
| **OPTION 6**<br>**ALTERNATE LIFE**<br>**INCOME** | We will use Policy Proceeds to purchase an annuity. The amount payable will be 102% of our current annuity purchase rate on the effective date of the Settlement Contract. We reserve the right to change our current annuity rates at any time. However, once this Option has been selected and the Settlement Contract issued, any revision in rates will not affect payment to a payee or payees. Upon request, we will quote the amount currently payable under this Settlement Option. |

# TABLES FOR SETTLEMENT OPTIONS

Monthly Installments for each $1,000 of Proceeds
Option 2 — Income for a Fixed Period

**OPTION 2**

| Number of Years Specified | Amount of Each Installment | Number of Years Specified | Amount of Each Installment |
|---|---|---|---|
| 1 | $84.28 | 16 | $6.30 |
| 2 | 42.66 | 17 | 6.00 |
| 3 | 28.79 | 18 | 5.73 |
| 4 | 21.86 | 19 | 5.49 |
| 5 | 17.70 | 20 | 5.27 |
| 6 | 14.93 | 21 | 5.08 |
| 7 | 12.95 | 22 | 4.90 |
| 8 | 11.47 | 23 | 4.74 |
| 9 | 10.32 | 24 | 4.60 |
| 10 | 9.39 | 25 | 4.46 |
| 11 | 8.64 | 26 | 4.34 |
| 12 | 8.02 | 27 | 4.22 |
| 13 | 7.49 | 28 | 4.12 |
| 14 | 7.03 | 29 | 4.02 |
| 15 | 6.64 | 30 | 3.93 |

Annual, semi-annual or quarterly payments are 11.865, 5.969 and 2.994 respectively times the monthly installments.

Monthly Installments for each $1,000 of Proceeds
Option 3 — Life Income with Installments Guaranteed

**OPTION 3**

| Age of Payee Last Birthday | | Guaranteed Period | | | Age of Payee Last Birthday | | Guaranteed Period | | | Age of Payee Last Birthday | | Guaranteed Period | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | | | | | Years | | | | | Years | | |
| Male | Female | 10 | 15 | 20 | Male | Female | 10 | 15 | 20 | Male | Female | 10 | 15 | 20 |
| 5 & Under | 10 & Under | 2.54 | 2.54 | 2.53 | 30 | 35 | 3.11 | 3.10 | 3.09 | 55 | 60 | 4.78 | 4.62 | 4.39 |
| 6 | 11 | 2.55 | 2.55 | 2.55 | 31 | 36 | 3.15 | 3.14 | 3.12 | 56 | 61 | 4.90 | 4.71 | 4.45 |
| 7 | 12 | 2.57 | 2.56 | 2.56 | 32 | 37 | 3.18 | 3.18 | 3.16 | 57 | 62 | 5.01 | 4.80 | 4.52 |
| 8 | 13 | 2.58 | 2.58 | 2.58 | 33 | 38 | 3.23 | 3.22 | 3.20 | 58 | 63 | 5.14 | 4.90 | 4.59 |
| 9 | 14 | 2.60 | 2.59 | 2.59 | 34 | 39 | 3.27 | 3.26 | 3.24 | 59 | 64 | 5.26 | 5.00 | 4.65 |
| 10 | 15 | 2.61 | 2.61 | 2.61 | 35 | 40 | 3.31 | 3.30 | 3.28 | 60 | 65 | 5.40 | 5.10 | 4.71 |
| 11 | 16 | 2.63 | 2.63 | 2.62 | 36 | 41 | 3.36 | 3.35 | 3.32 | 61 | 66 | 5.54 | 5.20 | 4.77 |
| 12 | 17 | 2.65 | 2.64 | 2.64 | 37 | 42 | 3.41 | 3.39 | 3.36 | 62 | 67 | 5.68 | 5.30 | 4.83 |
| 13 | 18 | 2.66 | 2.66 | 2.66 | 38 | 43 | 3.46 | 3.44 | 3.41 | 63 | 68 | 5.83 | 5.40 | 4.89 |
| 14 | 19 | 2.68 | 2.68 | 2.68 | 39 | 44 | 3.51 | 3.49 | 3.46 | 64 | 69 | 5.99 | 5.50 | 4.94 |
| 15 | 20 | 2.70 | 2.70 | 2.70 | 40 | 45 | 3.57 | 3.54 | 3.50 | 65 | 70 | 6.16 | 5.61 | 4.99 |
| 16 | 21 | 2.72 | 2.72 | 2.72 | 41 | 46 | 3.63 | 3.60 | 3.55 | 66 | 71 | 6.33 | 5.71 | 5.03 |
| 17 | 22 | 2.74 | 2.74 | 2.74 | 42 | 47 | 3.69 | 3.66 | 3.60 | 67 | 72 | 6.50 | 5.81 | 5.07 |
| 18 | 23 | 2.77 | 2.76 | 2.76 | 43 | 48 | 3.76 | 3.72 | 3.66 | 68 | 73 | 6.68 | 5.90 | 5.11 |
| 19 | 24 | 2.79 | 2.79 | 2.78 | 44 | 49 | 3.82 | 3.78 | 3.71 | 69 | 74 | 6.86 | 5.99 | 5.14 |
| 20 | 25 | 2.81 | 2.81 | 2.80 | 45 | 50 | 3.89 | 3.84 | 3.77 | 70 | 75 | 7.05 | 6.08 | 5.17 |
| 21 | 26 | 2.84 | 2.83 | 2.83 | 46 | 51 | 3.97 | 3.91 | 3.82 | 71 | 76 | 7.23 | 6.16 | 5.19 |
| 22 | 27 | 2.86 | 2.86 | 2.85 | 47 | 52 | 4.04 | 3.98 | 3.88 | 72 | 77 | 7.42 | 6.24 | 5.21 |
| 23 | 28 | 2.89 | 2.88 | 2.88 | 48 | 53 | 4.12 | 4.05 | 3.94 | 73 | 78 | 7.61 | 6.30 | 5.23 |
| 24 | 29 | 2.92 | 2.91 | 2.91 | 49 | 54 | 4.21 | 4.12 | 4.00 | 74 | 79 | 7.79 | 6.37 | 5.24 |
| 25 | 30 | 2.94 | 2.94 | 2.93 | 50 | 55 | 4.29 | 4.20 | 4.07 | 75 | 80 | 7.97 | 6.42 | 5.25 |
| 26 | 31 | 2.97 | 2.97 | 2.96 | 51 | 56 | 4.38 | 4.28 | 4.13 | 76 | 81 | 8.14 | 6.47 | 5.26 |
| 27 | 32 | 3.01 | 3.00 | 2.99 | 52 | 57 | 4.48 | 4.36 | 4.19 | 77 | 82 | 8.31 | 6.51 | 5.26 |
| 28 | 33 | 3.04 | 3.03 | 3.02 | 53 | 58 | 4.57 | 4.44 | 4.26 | 78 | 83 | 8.46 | 6.54 | 5.27 |
| 29 | 34 | 3.07 | 3.07 | 3.06 | 54 | 59 | 4.68 | 4.53 | 4.32 | 79 | 84 | 8.61 | 6.57 | 5.27 |
| | | | | | | | | | | 80 & Over | 85 & Over | 8.74 | 6.59 | 5.27 |

Monthly Installments for each $1,000 of Proceeds
Option 5 — Joint & Survivor Life Income

**OPTION 5**

| Male | Female | | | | |
|---|---|---|---|---|---|
| | 50 | 55 | 60 | 65 | 70 |
| 50 | 3.53 | 3.71 | 3.86 | 4.00 | 4.11 |
| 55 | 3.62 | 3.86 | 4.09 | 4.30 | 4.48 |
| 60 | 3.70 | 4.00 | 4.30 | 4.60 | 4.89 |
| 65 | 3.77 | 4.11 | 4.48 | 4.89 | 5.30 |
| 70 | 3.83 | 4.20 | 4.63 | 5.13 | 5.70 |

**NATIONWIDE LIFE INSURANCE COMPANY**





Application for Modified Single Premium Universal Life Insurance, Page 1     P.O. Box 1559, Columbus, Ohio 43216

| 1. Initial Premium $ | *15,449.61* | ☐ If Trial Application check here and do not detach receipt | Transaction Number |
|---|---|---|---|

**2. PROPOSED INSURED**

| FIRST NAME | MIDDLE INITIAL | LAST NAME | DATE OF BIRTH | AGE | SEX | MARITAL STATUS |
|---|---|---|---|---|---|---|
| Stanley | J. | Andrews | | | ☒ M ☐ F | ☒ Married ☐ Separated ☐ Single ☐ Divorced |

Social Security No.

| NUMBER | STREET OR ROUTE | CITY | COUNTY | STATE | ZIP CODE | STATE OF ISSUE |
|---|---|---|---|---|---|---|
| 18693 | Bennett Rd. N Royalton, | Cuyahoga Ohio | 44133 | Ohio |

Home (216) 239-2412    BEST TIME TO CALL: A.M. ___ P.M. ___    OCCUPATION *retired*
Business ( )

**3. OWNER (If other than Proposed Insured)**

FULL NAME *same*    Date of Birth    RELATIONSHIP TO INSURED
ADDRESS    SOCIAL SEC. OR TAX ID NUMBER

**4. CO-OWNER (If any)**

FULL NAME    ☐ With Right of Survivorship    Date of Birth    RELATIONSHIP TO INSURED
ADDRESS    SOCIAL SEC. OR TAX ID NUMBER

**5. Contingent Owner- if any (becomes Owner on death of Owner)**

FULL NAME    Date of Birth    RELATIONSHIP TO INSURED
ADDRESS    SOCIAL SEC. OR TAX ID NUMBER

**6. BENEFICIARY**

PRIMARY *Patricia A. Andrews*    RELATIONSHIP TO INSURED *wife*
CONTINGENT *Agnes E. Stewart*    RELATIONSHIP TO INSURED *mother in law*

**7. INSURANCE INFORMATION**

a. Please list the total amount of life insurance coverage currently in force on the Proposed Insured: *90,000*
b. Will the insurance applied for replace existing life insurance or annuities? ☒ Yes ☐ No
   If "Yes", state company name and amount *N.W. LCC6211800 , LCC3892C10*

**8. SUPPLEMENTAL PERSONAL**

|  |  | Yes | No |
|---|---|---|---|
| a. | Proposed Insured's: Height *5* ft. *7* in. Weight *180* lbs. | | |
| b. | Have you smoked cigarettes in the past 12 months? | ☐ | ☒ |
| c. | Do you engage in or intend to engage in flying as a pilot or student pilot? | ☐ | ☒ |
| d. | Do you engage in or intend to engage in sports such as automobile, motorcycle or power boat racing or mountain climbing, skydiving, scuba diving or hang gliding? | ☐ | ☒ |
| e. | Name, address, and phone number of Personal Physician *Dr R Devais* *2225 Old C.L. Rd. J., Middleburg Htgs. Ohio 44130* | | |
| f. | Date last consulted, reason and results *6/91, elevated cholesterol medication prescribed + level is down to "19C"* | | |
| g. | Have you had a driver's license suspended or revoked in the past 2 years or ever been convicted for reckless or drunken driving? If "Yes", give details, driver's license # and state of issue. | ☐ | ☒ |

**9. TAX NOTICE**

**Request for Taxpayer Identification Number**

Under the Interest and Dividend Tax Compliance Act of 1983, you are required to provide us certification of the correctness of your taxpayer identification number. (For most individuals your taxpayer identification number is your Social Security Number.) If you do not provide us with your taxpayer identification number, you may be subject to a $50 penalty imposed by the Internal Revenue Service. In addition, interest and other payments that we make to you may be subject to backup withholding.

If you do not provide us with your taxpayer identification number, we will be forced to withhold 20% from interest and other payments we make to you. It is not an additional tax. Rather, the tax liability of persons subject to backup withholding will be reduced by the amount of tax withheld. If withholding results in an overpayment of taxes, a refund may be obtained.

**CERTIFICATION** - Under the penalties of perjury, I certify that the taxpayer identification number provided on this application is correct, and I am not subject to backup withholding either because I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or the (IRS) has notified me that I am no longer subject to backup withholding.

Signature of Policyowner X _____ Date *2/28/92*

VLOL-1    (N)

|  |  | YES | NO |
|---|---|---|---|
| **10. MEDICAL QUESTIONS** | a. Have you ever had an application for insurance declined, postponed, rated up or limited? ................... | ☐ | ☒ |
|  | b. Have you ever had indications of, been treated or counseled for alcoholism, drug addiction, nervous or mental disorder? ................................................................... | ☐ | ☒ |
|  | c. Have you ever had indications of, been treated for or taken medication for high blood pressure, epilepsy or stroke? | ☐ | ☒ |
|  | d. Have you ever had indications of, been treated for or taken medication for chest pains, heart attack or other heart disorder, diabetes, kidney disorder, lung disorder, blood disorder or any cancer or malignancy? ......... | ☐ | ☒ |
|  | e. Have you ever received treatment for or been diagnosed as having acquired immune deficiency syndrome (AIDS), AIDS related complex (ARC) or any other immune deficiency disorder? ............................. | ☐ | ☒ |
|  | f. Within the past five years, have you had any disease, disorder, injury or operation which has not been previously mentioned? .......................................................... | ☐ | ☒ |

Details of "Yes" answers in Question 10.

| Question # | Explanation With Date | Doctor, Hospital-Name and Address |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**11. SPECIAL INSTRUCTIONS**

*Total proceeds of pol #s L00471800, L00389201C shall be the initial premium*

I have read this application. I understand each of the questions. All of the answers and statements on this form are complete and true to the best of my knowledge. I understand that this form, amendments to it, and related medical examinations will become a part of the policy.

I understand that only the President or Secretary of the Company may make or change a contract on its behalf. No waiver or change of a contract or of any of the Company's rights or amendments shall be binding upon the Company; unless it is in writing and signed by one of such officers. No Agent of the Company, nor any medical examiner may accept risks, make or change contracts, or waive any of the Company's rights or requirements.

I agree that, except as stated in the Temporary Insurance Receipt with the same date and number as this form, any insurance approved by this Company for issue as a result of this application shall be in force only:

a. When a policy shall have been issued by the Company; and received and accepted by the Owner during the lifetime of the Proposed Insured.

b. If the full first premium for that policy has been paid.

c. If since the application date, no change shall have occurred in the health or occupation which affects the insurability of the Proposed Insured.

a, b, and c above are subject to the policy provisions.

I authorize: any licensed physician or medical practitioner;
any hospital, clinic, or other medical or medically related facility;

any insurance company: the Medical Information Bureau;

any other organization, institution, or person who has knowledge of me

(or of any other person who is proposed for insurance on this application);

**B30008655**

to give that information to the Medical Director of the Nationwide Life Insurance Company or its reinsurers. This authorization, or a copy of it, will be valid for a period of not more than one year from the date it was signed. I have received the Pre-Notice form of the Fair Credit Reporting Act of 1970 and the Medical Information Bureau Disclosure form.

Signed at *North Royalton, Ohio* on *February 28*, 19*92*

I certify that I have truly and accurately recorded the Proposed Insured's answers on this application and have witnessed his/her signature hereon. To the best of my (Agent's) knowledge, the insurance applied for ☒ will ☐ will not (CHECK ONE) replace any life insurance or annuity.

Signature of Proposed Insured (if over age 14)

Signature of Owner if other than Insured

No. **001016**

Licensed Resident Agent Signature     Agent No. **8376**

mm Flc

STATEMENT OF POLICY COST AND BENEFIT INFORMATION

NATIONWIDE LIFE INSURANCE COMPANY
ONE NATIONWIDE PLAZA
COLUMBUS OH 43216

PREPARATION DATE: 03/30/92
INSURED:  STANLEY J ANDREWS
          18692 BENNETT RD
          NORTH ROYALTON
          OH 44133

ADDRESS QUESTIONS JOHN E HOLLAND III CLU
REGARDING THIS    18600 SPRAGUE ROAD #165
COST DISCLOSURE
STATEMENT TO:

          MIDDLEBURG HEIGHTS
          OH  44130

POLICY NUMBER:    B300086550
POLICY DATE:      MARCH 17, 1992
INITIAL PREMIUM:  $15,449.61

INSURED'S
  ISSUE AGE:        58
  SEX:              MALE
  RATE CLASS:       STANDARD-SIMPLIFIED
  RATE TYPE:        NON-SMOKER
  SPECIFIED AMOUNT: $43,431.94
  MATURITY DATE:  * MARCH 17, 2029

*NOTE:  COVERAGE MAY EXPIRE PRIOR TO THE MATURITY DATE SHOWN IF THE INITIAL PREMIUM PLUS ANY ADDITIONAL PREMIUMS ARE INSUFFICIENT
TO CONTINUE COVERAGE TO SUCH DATE OR IF A POLICY LOAN IS MADE.   IF CURRENT VALUES CHANGE, THIS WOULD ALSO AFFECT THE COVERAGE.

THE PROJECTED POLICY VALUES IN THIS DISCLOSURE ARE BASED ON THE FOLLOWING ASSUMPTIONS:
1.) THE INITIAL PREMIUM IS RECEIVED BY THE COMPANY ON THE POLICY DATE.  NO ADDITIONAL PREMIUMS ARE MADE.
2.) THE SPECIFIED AMOUNT IS NOT CHANGED.
3.) THERE ARE NO POLICY LOANS.
4.) THE VALUES SHOWN ON THE 'GUARANTEED BASIS' ASSUME
    A.  THE GUARANTEED MINIMUM ANNUAL INTEREST RATE OF  6.00% DURING THE FIRST POLICY YEAR AND 4.00% THEREAFTER IS CREDITED
        DAILY AFTER DEDUCTION OF COST OF INSURANCE CHARGES AND
    B.  THE GUARANTEED MAXIMUM MONTHLY COST OF INSURANCE RATES AS SHOWN IN THE POLICY.
5.) THE VALUES SHOWN ON THE 'CURRENT BASIS' ASSUME
    A.  THE CURRENT (NON-GUARANTEED) ANNUAL INTEREST RATE OF  6.00% CREDITED DAILY AND,
    B.  NO CURRENT (NON-GUARANTEED) MONTHLY COST OF INSURANCE RATES AND
    C.  THESE NON-GUARANTEED RATES REMAIN THE SAME THROUGHOUT THE PROJECTION PERIOD.

DEATH BENEFITS ARE SHOWN AT THE END OF THE POLICY YEAR.  SURRENDER VALUES ARE SHOWN AT THE END OF THE POLICY YEAR.
THE FOLLOWING VALUES AND INDICES REFLECT THE COST OF THE BASE POLICY.

**** IMPORTANT NOTICE ****

THE PROJECTED RESULTS OF YOUR INSURANCE PROGRAM MAY CHANGE SIGNIFICANTLY WITH VARIATIONS IN THE INTEREST RATES, COST OF INSURANCE,
ANY ADDITIONAL PREMIUM PAYMENTS OR POLICY LOANS.  YOU SHOULD READ AND STUDY YOUR POLICY CAREFULLY.

**********************************************

THIS DISCLOSURE STATEMENT IS NOT AN OFFER TO CONTRACT AND DOES NOT ALTER OR MODIFY ANY POLICY.

STATEMENT OF POLICY COST AND BENEFIT INFORMATION

PAGE 2 OF 3

| | | CURRENT (NON-GUARANTEED) BASIS | | | | GUARANTEED BASIS | | | |
|---|---|---|---|---|---|---|---|---|---|
| POLICY YEAR | ANNUALIZED PREMIUM | DEATH BENEFIT | CASH SURRENDER VALUE | ACCUMULATED VALUE | CONTINUATION OF INSURANCE YEARS/MONTHS | DEATH BENEFIT | CASH SURRENDER VALUE | ACCUMULATED VALUE | CONTINUATION OF INSURANCE YEARS/MONTHS |
| 1 | $15,449.61 | $43,431.94 | $15,449.61 | $16,376.58 | 38  0 | $43,431.94 | $15,449.61 | $15,966.68 | 18  3 |
| 2 | $0.00 | $43,431.94 | $16,045.96 | $17,359.18 | 35  0 | $43,431.94 | $15,449.61 | $16,168.33 | 17  3 |
| 3 | $0.00 | $43,431.94 | $17,184.76 | $18,400.73 | 34  0 | $43,431.94 | $15,449.61 | $16,333.77 | 16  3 |
| 4 | $0.00 | $43,431.94 | $18,288.80 | $19,504.77 | 33  0 | $43,431.94 | $15,449.61 | $16,458.44 | 15  3 |
| 5 | $0.00 | $43,431.94 | $19,516.34 | $20,675.06 | 32  0 | $43,431.94 | $15,449.61 | $16,532.38 | 14  3 |
| 6 | $0.00 | $43,431.94 | $20,834.09 | $21,915.56 | 31  0 | $43,431.94 | $15,463.53 | $16,545.00 | 13  3 |
| 7 | $0.00 | $43,431.94 | $22,303.52 | $23,230.90 | 30  0 | $43,431.94 | $15,557.88 | $16,484.88 | 12  3 |
| 8 | $0.00 | $43,431.94 | $23,851.85 | $24,624.33 | 29  0 | $43,431.94 | $15,568.93 | $16,339.41 | 11  3 |
| 9 | $0.00 | $43,431.94 | $25,483.81 | $26,101.79 | 28  0 | $43,431.94 | $15,476.90 | $16,094.88 | 10  3 |
| 10 | $0.00 | $43,431.94 | $27,667.89 | $27,667.89 | 27  0 | $43,431.94 | $15,735.85 | $15,735.85 | 9  3 |
| 11 | $0.00 | $43,431.94 | $29,327.97 | $29,327.97 | 26  0 | $43,431.94 | $15,241.01 | $15,241.01 | 8  3 |
| 12 | $0.00 | $43,431.94 | $31,087.65 | $31,087.65 | 25  0 | $43,431.94 | $14,584.33 | $14,584.33 | 7  3 |
| 13 | $0.00 | $43,431.94 | $32,952.90 | $32,952.90 | 24  0 | $43,431.94 | $13,728.55 | $13,728.55 | 6  3 |
| 14 | $0.00 | $43,431.94 | $34,930.08 | $34,930.08 | 23  0 | $43,431.94 | $12,625.35 | $12,625.35 | 5  3 |
| 15 | $0.00 | $43,431.94 | $37,025.88 | $37,025.88 | 22  0 | $43,431.94 | $11,209.97 | $11,209.97 | 4  3 |
| 16 | $0.00 | $43,431.94 | $39,247.44 | $39,247.44 | 21  0 | $43,431.94 | $9,401.77 | $9,401.77 | 3  3 |
| 17 | $0.00 | $43,431.94 | $41,602.28 | $41,602.28 | 20  0 | $43,431.94 | $7,101.57 | $7,101.57 | 2  3 |
| 18 | $0.00 | $43,431.94 | $44,098.42 | $44,098.42 | 19  0 | $43,431.94 | $4,187.69 | $4,187.69 | 1  3 |
| 19 | $0.00 | $43,431.94 | $46,744.33 | $46,744.33 | 18  0 | $43,431.94 | $504.22 | $504.22 | 0  3 |
| 20 | $0.00 | $52,026.44 | $49,548.99 | $49,548.99 | 17  0 | $0.00 | $0.00 | $0.00 | 0  0 |
| 21 | $0.00 | $55,148.02 | $52,521.93 | $52,521.93 | 16  0 | $0.00 | $0.00 | $0.00 | 0  0 |
| 22 | $0.00 | $58,486.91 | $55,673.24 | $55,673.24 | 15  0 | $0.00 | $0.00 | $0.00 | 0  0 |
| 23 | $0.00 | $61,084.32 | $59,013.64 | $59,013.64 | 14  0 | $0.00 | $0.00 | $0.00 | 0  0 |
| 24 | $0.00 | $65,682.18 | $62,554.46 | $62,554.46 | 13  0 | $0.00 | $0.00 | $0.00 | 0  0 |
| 25 | $0.00 | $69,623.11 | $66,307.72 | $66,307.72 | 12  0 | $0.00 | $0.00 | $0.00 | 0  0 |

UNDER CURRENT (NON-GUARANTEED) RATES, THE POLICY WILL MATURE ON:    MARCH 17, 2029
UNDER GUARANTEED RATES, THE POLICY WILL LAPSE ON:    JUNE 17, 2011
THE EFFECTIVE POLICY LOAN INTEREST RATE IS 7.00%

*********************************************** THIS DISCLOSURE STATEMENT IS NOT AN OFFER TO CONTRACT AND DOES NOT ALTER OR MODIFY ANY POLICY.

G1832

STATEMENT OF POLICY COST AND BENEFIT INFORMATION

5% INTEREST ADJUSTED INDICES

|                                              | 10 YEARS    | 20 YEARS   |
|----------------------------------------------|-------------|------------|
| LIFE INSURANCE SURRENDER COST INDEX          |             |            |
| GUARANTEED BASIS                             | $   18.44   | ***        |
| CURRENT (NON-GUARANTEED) BASIS               | $(   4.36)  | $(   5.67) |
| EQUIVALENT LEVEL NON-GUARANTEED ELEMENT      | $   20.80   | ***        |
| LIFE INSURANCE NET PAYMENT COST INDEX        |             |            |
| GUARANTEED BASIS                             | $   43.87   | $   27.18  |
| CURRENT (NON-GUARANTEED) BASIS               | $   43.87   | $   27.18  |

AN EXPLANATION OF THE INTENDED USE OF THESE INDICES IS PROVIDED IN THE LIFE INSURANCE BUYER'S GUIDE.
*** THE POLICY IS NOT IN FORCE

G1832

****************************************************
THIS DISCLOSURE STATEMENT IS NOT AN OFFER TO CONTRACT AND DOES NOT ALTER OR MODIFY ANY POLICY.



# IMPORTANT NOTICE

In 1988, Congress passed a bill which changed the tax rules which apply to single premium and flexible premium life insurance contracts. This law created a class of life insurance policies which are now called "Modified Endowment" life insurance contracts. The policy for which you have applied will be a Modified Endowment.

This law is mostly good news since Modified Endowments continue to enjoy many of the advantages associated with traditional life insurance contracts. These include:

- Tax-deferred growth of the cash value build-up

- Policy proceeds delivered to the beneficiary income tax free upon the death of the insured

- Loans available from the policy cash values at reasonable interest rates

- A competitive rate of interest to help your values grow at a faster rate

- Safety - 100% of the values in your contract is guaranteed by Nationwide Life Insurance Company, a company rated A+ -- the highest rating available -- by the A. M. Best Company, independent analysts.

The primary change affects policy loans, collateral assignments and other pre-death distributions of the cash value of the contract. Such distributions will result in taxable income to the owner to the extent the cash value exceeds the total premiums paid into the policy. The tax law will also impose a 10% premature distribution penalty on the taxable portion of such distribution unless the policyowner is age 59 ½ or is disabled.

Please attach this notice to your policy for future reference. And, we suggest you consult your tax advisor regarding this matter.

If you have any further questions or need additional assistance, please call us toll free:

1-800-543-3747 (All States)
249-7619 (Columbus and Vicinity)

Life 3424-A

---

## NOTICE CONCERNING COVERAGE LIMITATIONS AND EXCLUSIONS UNDER THE OHIO LIFE AND HEALTH INSURANCE GUARANTY ASSOCIATION ACT

---

Residents of Ohio who purchase life insurance, annuities or health insurance should know that the insurance companies licensed in this state to write these types of insurance are members of the Ohio Life and Health Insurance Guaranty Association. The purpose of this association is to assure that policy – holders will be protected, within limits, in the unlikely event that a member insurer becomes financially unable to meet its obligations. If this should happen, the Guaranty Association will assess its other member insurance companies for the money to pay the claims of insured persons who live in this state and, in some cases, to keep coverage in force. The valuable extra protection provided by these insurers through the Guaranty Association is not unlimited, however. And, as noted in the box below, this protection is not a substitute for consumers' care in selecting companies that are well – managed and financially stable.

---

The Ohio Life and Health Insurance Guaranty Association may not provide coverage for this policy. If coverage is provided, it may be subject to substantial limitations or exclusions, and require continued residency in Ohio. You should not rely on coverage by the Ohio Life and Health Insurance Guaranty Association in selecting an insurance company or in selecting an insurance policy.

Coverage is NOT provided for your policy or any portion of it that is not guaranteed by the insurer or for which you have assumed the risk, such as a variable contract sold by prospectus. You should check with your insurance company representative to determine if you are only covered in part or not covered at all.

Insurance companies or their agents are required by law to give or send you this notice. However, insurance companies and their agents are prohibited by law from using the existence of the guaranty association to induce you to purchase any kind of insurance policy.

OHIO LIFE AND HEALTH INSURANCE GUARANTY ASSOCIATION
1840 Mackenzie Drive
Columbus, Ohio 43220

OHIO DEPARTMENT OF INSURANCE
2100 Stella Court
Columbus, Ohio 43268 – 0555

---

The state law that provides for this safety – net coverage is called the Ohio Life and Health Insurance Guaranty Association Act. On the back of this page, is a brief summary of this law's coverages, exclusions and limits. This summary does not cover all provisions of the law; nor does it in any way change anyone's rights or obligations under the act or the rights or obligations of the guaranty association.

## COVERAGE

Generally, individuals will be protected by the Life and Health Insurance Guaranty Association if they live in Ohio and hold a life or health insurance contract, annuity contract, unallocated annuity contract, or if they are insured under a group insurance contract, issued by a member insurer. The beneficiaries, payees or assignees of insured persons are protected as well, even if they live in another state.

## EXCLUSIONS FROM COVERAGE

However, persons holding such policies are not protected by this Association if:

- they are eligible for protection under the laws of another state (this may occur when the insolvent insurer was incorporated in another state whose guaranty association protects insureds who live outside that state);

- the insurer was not authorized to do business in this state;

- their policy was issued by a medical, health or dental care corporation, an HMO, a fraternal benefit society, a mutual protective association or similar plan in which the policy holder is subject to future assessments, or by an insurance exchange.

The Association also does not provide coverage for:

- any policy or portion of a policy which is not guaranteed by the insurer or for which the individual has assumed the risk, such as a variable contract sold by prospectus;

- any policy of reinsurance (unless an assumption certificate was issued);

- interest rate yields that exceed an average rate;

- dividends;

- credits given in connection with the administration of a policy by a group contract holder;

- employers' plans to the extent they are self—funded (that is, not insured by an insurance company, even if an insurance company administers them).

## LIMITS ON AMOUNT OF COVERAGE

The act also limits the amount the Association is obligated to pay out: The Association cannot pay more than what the insurance company would owe under a policy or contract. Also, for any one insured life, the Association will pay a maximum of $300,000 — no matter how many policies and contracts there were with the same company, even if they provided different types of coverage. Within this overall $300,000 limit, the Association will not pay more than $100,000 in cash surrender values, $100,000 in health insurance benefits, $100,000 in present value of annuities, or $300,000 in life insurance death benefits — again, no matter how many policies and contracts there were with the same company, and no matter how many different types of coverages.

Note to benefit plan trustees or other holders of unallocated annuities (GIXs, DACs, etc.) covered by the act: for unallocated annuities that fund governmental retirement plans under Sections 401(k), 403(b) or 457 of the Internal Revenue Code, the limit is $100,000 in present value of annuity benefits including net cash surrender and net cash withdrawal per participating individual. In no event shall the association be liable to spend more than $300,000 in the aggregate per individual. For covered unallocated annuities that fund other plans, a special limit of $1,000,000 applies to each contractholder, regardless of the number of contracts held with the same company or number of persons covered. In all cases, of course, the contract limits also apply.



HOME OFFICE: ONE NATIONWIDE PLAZA * COLUMBUS, OHIO 43216

Dear Nationwide Life Policyowner,

We welcome you to Nationwide and thank you for choosing Nationwide as your life insurance carrier. We congratulate you for recognizing the importance of life insurance in your financial planning.

Your life insurance policy represents an investment in your future, providing security to you and your beneficiaries. We value having you as a policyowner of the Nationwide Life Insurance Company and look forward to serving your life insurance needs. If, at any time, someone suggests that you should replace your policy for any reason, please contact your Nationwide agent for a complete discussion of the situation.

If you should have any questions or need assistance concerning your life policy, contact your Nationwide agent or call the Policyowner Service Department at the Home Office toll free between the hours of 8:00 a.m. and 4:30 p.m. Eastern Time.

1 – 800 – 543 – 3747

249 – 7619 (Columbus, Ohio and vicinity)

1 – 800 – 622 – 2421 (TDD)
Telecommunication Device for the Deaf

We will be happy to help you.

Sincerely,

Peter F. Frenzer
President, Nationwide Life Insurance Company

LHO 386 – A



# INSURANCE COMPANY

*Columbus, Ohio*

FARM BUREAU

## AGREES TO PAY

**The Sum of**              – – ONE THOUSAND (1,000) – –              **Dollars**
Less any unpaid premium or premiums to the end of the then current policy year, and less any indebtedness on or secured by this Policy.

**To**              ELLEN FISHER CLARK, Mother, if living; Otherwise to

JOHN LAWRENCE CLARK, Father                    , the Beneficiary,

at its Home Office, immediately upon receipt of due proof of the death

of              DONALD CHARLES CLARK              , the Insured,

during the continuance of this Policy.

The designation of the above named Beneficiary is with        the        right of revocation and assignment.

### Privileges and Provisions.

The Guaranteed Loan, Non-forfeiture Values and other Privileges, Provisions and Conditions stated on the subsequent pages hereof form a part of this contract as fully as if recited over the signatures hereto affixed.

### Consideration.

This agreement is made in consideration of the application therefor, which is made a part of this contract, and

of the payment in advance of the premium of              – – TWENTY–SEVEN and 79/100 – –

Dollars ($ 27.79        ), receipt whereof is hereby acknowledged, and of a like

payment        **annually**        thereafter on or before the        **eighteenth**        day of

October              in each and every year until premiums

for twenty complete years shall have been paid, or until the prior death of the Insured, unless this Policy shall become paid up at an earlier date by the application of dividends as hereinafter provided.
The first year's premium under this Policy is for term insurance for one year, and legal reserve, if any.

**In Witness Whereof,** FARM BUREAU LIFE INSURANCE COMPANY has executed this Policy at

Columbus, Ohio, this        **eighteenth**        day of        October

one thousand nine hundred and  **forty–seven.**

Secretary.

President.

Attest

**TWENTY PAYMENT LIFE POLICY No.**    176616

Premium Payable for 20 Years

**1. Dividends.** This Policy is a participating contract. The Company beginning with the second policy year, will annually determine and apportion the divisible surplus accruing thereon. The dividends so determined and apportioned shall at the end of the second policy year, and at the end of each policy year thereafter, at the option of the Insured be either

(a) Paid in cash, or

(b) Applied toward the payment of any premium or premiums, or

(c) Applied to the purchase of participating paid-up additions to the Policy, or

(d) Left to accumulate to the credit of the Policy with interest at not less than three per cent (3%) compounded annually and payable at the death of the Insured or at the maturity of the Policy, but withdrawable on demand. This interest rate may be increased as the Company may from time to time determine and allow.

Unless the Insured shall have elected otherwise within thirty-one days after any dividend is due, the same shall be applied to the purchase of paid-up additions to the Policy. Such additions may be surrendered at any time for their cash value which shall be at least equal to the original dividend payable in cash. At the death of the Insured the pro rata part of the current year's dividend shall be paid in cash.

**2. Premium Loans.** After three full years' premiums have been paid on this Policy, any premium or instalment of premium not paid within the time allowed for its payment will be advanced by the Company as a loan against this Policy, if written request from the Insured has been received at the Home Office when application is made for this Policy or while this Policy is in force, without further action by the Insured, and provided the cash value hereof is sufficient to secure such loans and all other existing indebtedness together with interest on the total debt until the next premium or instalment thereof becomes due. The loan shall include all indebtedness and interest at the effective rate of 5 per cent per annum to the next premium due date.

The Company shall continue to keep the Policy in force in this manner as long as the cash value thereof less all existing indebtedness shall be sufficient to secure the advance of one quarterly premium and interest on the total debt, the balance, if any, of such cash value to be applied to the purchase of extended insurance as herein provided.

The Insured may resume payment of premiums at any time while this Policy is thus carried in force without medical examination. The Insured may also revoke this option at any time as to premiums subsequently due but only in writing received at the Company's Home Office.

**3. Payment of Premium and Grace Period.** This Policy is based on the payment of premiums annually in advance, but the privilege of paying premiums in semi-annual, quarterly or monthly instalments is extended, provided that any unpaid premiums for the current policy year, in which this Policy becomes a claim, shall be deducted from the sum insured in any settlement. The payment of any premium shall not continue this Policy in force longer than the period for which the payment is made, except as otherwise provided.

All premiums are payable in advance at the Home Office of the Company or to its authorized Agents on or before the dates when due, in exchange for an official receipt signed by its President, Secretary, or Treasurer, and if not so paid this Policy shall cease, subject to the values and privileges herein provided; but a grace period of thirty-one days without interest charge will be allowed in the payment of any premium after the first, during which time the Policy continues in force for the full amount.

**4. Policy Loans.** After three full years' premiums have been paid and while this Policy is in force, except when continued as paid-up extended term insurance, the Company will loan on the proper assignment of this Policy and the sole security thereof a sum not exceeding the cash or loan value stated in Table I, increased by the reserve on any paid-up additions together with any dividend accumulations, and decreased by any indebtedness on or secured by this Policy and any unpaid balance of the premium for the current policy year. Interest at the effective rate of five per cent (5%) per annum shall be paid in advance to the end of the current policy year. Interest will be due and payable annually in advance thereafter at the same rate, and if not so paid will be added to the principal and bear the same rate of interest. Such loan, except for the purpose of paying a premium on this Policy, may be deferred for not exceeding ninety days after the application therefor is made.

Failure to repay any policy loan, premium loan, or interest thereon shall not void this Policy unless the total indebtedness to the Company on this Policy shall equal or exceed such loan value at the time of such failure, and in no event, until thirty-one days after notice thereof shall have been mailed to the last known address of the Insured and Assignee, if any. The whole or any part of a loan may be repaid at any time.

**5. Reinstatement.** If this Policy be lapsed for non-payment of premium, it will be reinstated at any time after the date of lapse upon written application and payment of premiums in arrears with interest at the rate of five per cent (5%) per annum, together with the reinstatement of all indebtedness, provided such indebtedness be not greater than the loan value of this Policy at the time of application for such reinstatement, and provided evidence of insurability of the Insured satisfactory to the Company be furnished.

**6. Policy Paid Up or Matured as Endowment.** The Company will upon the written request of the Insured, endorse this Policy as fully paid up and no further premiums will be payable whenever the accumulated dividends and the reserve of any paid-up additions, together with the reserve on this Policy, shall equal the net single premium according to the American Experience Table of Mortality and 3 per cent interest on a fully paid-up policy of the same kind and amount, without disability or accidental death benefits at the age then attained by the Insured, and such paid-up Policy shall continue to participate in the annual dividends of the Company; or mature this Policy as an endowment, provided such aggregate amount shall equal the face amount of insurance stated on the first page hereof. Any indebtedness against this Policy shall continue as an indebtedness and lien against the paid-up Policy.

**Guaranteed Non-Forfeiture Provisions.** After three full years' premiums have been paid, the Insured and the Assignee, if any, may elect to surrender this Policy, provided the date of such election is within thirty-one days after any default, under the following options:

(a) To accept the surrender value, as herein defined, of this Policy in cash;

(b) To purchase paid-up participating insurance as herein defined;

(c) To have the insurance continued in force from the date of default, without future participation and without the right to loans, and without accidental death or disability benefits, for the amount of insurance in force on the date of such election, including any outstanding dividend additions, and less any indebtedness to the Company hereon, as herein provided.

The cash surrender values under this Policy shall be the Cash Values of Table I, as adjusted by the provisions of this Policy entitled "Guaranteed Values, Tables I, II, III," less any existing indebtedness to the Company on this Policy, and increased by the value of any paid-up additions and dividend accumulations. The cash values of Table I are the full reserves on this Policy, less fractions of a dollar per each $1,000 of insurance, at the end of the respective policy years, exclusive of any disability or accidental death benefit reserves, less a surrender charge not to exceed one and one-half per cent (1½%) of the sum insured. After ten years from the date of this Policy no surrender charge deduction is made. Payment of the cash value may be deferred by the Company for not exceeding ninety days after application therefor has been made.

The paid-up participating insurance shall be the amount of Paid-Up Whole Life Insurance of Table II, as adjusted by the provisions of this Policy entitled "Guaranteed Values, Tables I, II, III," increased by any dividend additions and decreased by any indebtedness against this Policy in the same proportion as the Cash Value is increased or diminished, and shall be payable at the same time and under the same conditions as this Policy. The amounts of Table II are such as the respective cash values will purchase as a net single premium for whole life insurance at the attained age of the Insured, according to the American Experience Table of Mortality with interest at 3%.

The term for which the insurance will be continued for the amounts stated above will be as shown in Table III under Extended Insurance, which is the period that the cash value of Table I will provide at the attained age of the Insured according to the American Experience Table of Mortality with interest at 3%. If there be any default in the payment of a premium after three full years' premiums have been paid and the premium loan privilege is not in effect and if, in such default, the Insured and the Assignee, if any, shall not, within thirty-one days from default, surrender this Policy to the Company at its Home Office for a cash surrender value, or for paid-up insurance as provided in Options (a) and (b), the insurance will be continued as provided in Option (c).

The paid-up or extended insurance granted hereunder will have cash surrender values, according to the reserve thereon at time of surrender, computed upon the basis hereinbefore mentioned.

**8. Exchange or Conversion Option.** This Policy, while in full force, may be exchanged without evidence of insurability for any form of Policy, not involving any other life, then issued by the Company and at the premium for such Policy at the date of issue, provided the net amount at risk be not increased nor the premium rate diminished. The new Policy will be issued as of the date and rated age of this Policy. The new Policy shall not contain any accidental death or disability provisions not contained in this Policy. The consideration for such exchange shall be the payment of the difference in premiums with compound interest at the rate of five per cent (5%) per annum from the due date of each premium to the time of exchange, or, if more than five years from the date of this Policy, the payment of the difference in reserves required under the two Policies at the date of exchange.

**9. Incontestability.** This Policy shall become effective only when the first premium hereon is paid during the good health of the Insured. After the Policy has been in force during the lifetime of the Insured for two full years from the date of issue, it shall be incontestable except for non-payment of premiums and except as to provisions relative to benefits in the event of total and permanent disability and those granting additional insurance specifically against death by accident, when such benefits are issued in connection with, or are attached to, this Policy. No action at law or equity shall be maintained under this Policy unless commenced within six years after the time such cause of action shall accrue.

**10. Misstatement of Age.** If the age of the Insured has been misstated, the amount payable hereunder shall be such as the premium actually paid would have purchased at the correct age.

**11. Suicide.** If within two years following the date of this Policy, the Insured, whether sane or insane, shall die by his own hand or act, the limit of recovery hereunder shall be the premiums paid on this Policy.

**12. Indebtedness.** Any indebtedness to the Company on account of this Policy will be deducted in any payment or payments, or in any settlement, under this Policy.

**13. Legal Reserve Computation.** All benefits under this Policy are protected by the full legal reserve according to the American Experience Table of Mortality and 3% interest on the "Illinois Standard basis". The first year's premium is for term insurance for one year, and legal reserve, if any, purchased by the whole or part of the premiums received during the first policy year.

**14. Change of Beneficiary.** The Insured may, if the right has been reserved in the Application for this Policy or amendment thereto, subject to the rights of any assignee of record, change the Beneficiary hereunder; providing that any such change shall become effective only when endorsed on the Policy at the Company's Home Office pursuant to any such form of request as the Company may require. If any Beneficiary shall die before the Insured, the interest of that Beneficiary shall vest in the Insured, unless otherwise provided in the Policy.

**15. Assignment.** The Insured has the privilege of assigning this Policy, but the Company shall not be deemed to have knowledge of any such assignment unless a certified copy thereof has been filed at its Home Office, nor can it assume any responsibility for the validity of an assignment. Any assignment shall be subject to any indebtedness to the Company on this Policy.

**16. Entire Contract Contained Herein.** This Policy, together with the Application, a copy of which is attached hereto, contains and constitutes the entire contract between the parties hereto, based on the express representation that each and every statement and answer made by the Insured, or on his behalf, in said Application is full, complete and true, and that they are the only statements and answers upon which this contract is made, though in the absence of fraud they shall be deemed representations and not warranties.

**17. Modifications.** All agreements made by the Company must be in writing signed by its President or Secretary to be valid. No other person can alter any of the conditions of this Policy, extend the time for paying the premium, or make any agreement which shall be binding on the Company.

## OPTIONAL SETTLEMENT PROVISIONS.

Instead of settlement of the proceeds of this Policy in one sum at death, maturity, or upon surrender, the Company has provided various optional methods of settlement which are described below. Any one, or a combination of these methods of settlement, may be chosen by the Insured or Beneficiary, if the proceeds amount to not less than $1,000, and if any instalment or interest payment amounts to not less than $10.00. At such time as any of these options may become effective, the Policy shall be surrendered to the Company in exchange for a supplementary contract providing for the method of settlement elected. Where the Cash Surrender value of the Policy has been left under the optional methods of settlement, the Company may defer the payment of any withdrawal of principal from these funds for a period not to exceed ninety days.

Unless specifically granted by the Insured, the Payee shall not have the right to commute, transfer, sell, or encumber any deferred payment under any option. If there be no designated Payee surviving the Insured, the net sum under the Policy shall be paid to the estate of the Insured.

The interest payments under Option I, and all instalments after the first under the other options, may be increased by such share of the interest earnings in excess of 3% per annum as may be apportioned by the Board of Directors of the Company.

**Option I. Interest Income.** An amount due in settlement may be left with the Company and interest at the rate of not less than three per cent per annum will be paid thereon. The amount at interest may be withdrawn at any interest date provided the right has been specifically granted by the Insured. Interest payments will be made annually, semi-annually, quarterly or monthly as may be requested, and the first of such payments will be made at the end of the period selected, measured from date of approval of claim for settlement. At the death of the Payee, any part of the proceeds still remaining with the Company and accrued interest shall be paid in one sum to the executors or administrators of the Payee, unless other provisions shall have been previously made and approved by the Company.

## GUARANTEED VALUES, TABLES I, II, III.

The values in the following tables are on the basis of $1,000 of face amount of insurance.  If the Policy is for more or less than $1,000 of face amount, the cash or loan or paid-up values are increased or decreased proportionally.  The term of extended insurance does not vary with the face amount of insurance.  These values are available at the ends of the years stated, provided all premiums to the ends of such years have been paid.  If premiums are paid to the end of a policy year, the cash or loan value, if applied for at any time other then at the end of such policy year, shall be the values as stated below, less interest at the effective rate of five per cent (5%) per annum to the end of such policy year.  If the premiums on this Policy be paid in semi-annual, quarter-annual, or monthly instalments, due allowance will be made in computing benefits from the Tables below for that portion of a year's premium paid in addition to the full number of annual premiums paid.

### TABLE I—CASH OR LOAN.

| Age at Issue | End of Year: | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 15 | $20 | $38 | $58 | $76 | $97 | $119 | $141 | $164 | $185 | $208 | $231 | $255 | $280 | $306 | $333 | $361 | $389 | $419 |
| 16 | 20 | 38 | 57 | 76 | 89 | 121 | 143 | 167 | 189 | 213 | 238 | 260 | 284 | 312 | 339 | 357 | 396 | 427 |
| 17 | 21 | 38 | 59 | 79 | 101 | 123 | 148 | 170 | 195 | 215 | 239 | 264 | 290 | 317 | 343 | 374 | 404 | 435 |
| 18 | 21 | 40 | 60 | 81 | 103 | 128 | 149 | 173 | 196 | 219 | 244 | 269 | 296 | 323 | 351 | 381 | 411 | 442 |
| 19 | 22 | 41 | 61 | 83 | 105 | 128 | 152 | 176 | 199 | 223 | 248 | 274 | 301 | 329 | 358 | 388 | 419 | 451 |
| 20 | 23 | 43 | 63 | 84 | 107 | 130 | 154 | 179 | 203 | 228 | 253 | 279 | 307 | 333 | 364 | 395 | 428 | 459 |
| 21 | 23 | 43 | 64 | 86 | 109 | 133 | 157 | 183 | 207 | 233 | 258 | 285 | 313 | 341 | 371 | 402 | 434 | 469 |
| 22 | 24 | 44 | 65 | 88 | 111 | 136 | 161 | 186 | 211 | 236 | 263 | 290 | 319 | 348 | 378 | 410 | 442 | 476 |
| 23 | 25 | 45 | 67 | 90 | 114 | 138 | 164 | 190 | 215 | 241 | 268 | 296 | 325 | 355 | 386 | 418 | 451 | 483 |
| 24 | 26 | 47 | 68 | 93 | 116 | 141 | 167 | 194 | 219 | 246 | 273 | 302 | 331 | 361 | 393 | 425 | 459 | 489 |
| 25 | 26 | 48 | 70 | 94 | 119 | 144 | 170 | 198 | 224 | 251 | 278 | 307 | 337 | 368 | 401 | 434 | 469 | 504 |
| 26 | 27 | 49 | 72 | 96 | 121 | 147 | 174 | 201 | 226 | 256 | 284 | 313 | 344 | 376 | 408 | 442 | 477 | 514 |
| 27 | 28 | 50 | 73 | 98 | 124 | 150 | 177 | 206 | 233 | 261 | 290 | 320 | 351 | 383 | 416 | 451 | 487 | 524 |
| 28 | 29 | 52 | 76 | 100 | 126 | 153 | 181 | 210 | 237 | 266 | 296 | 326 | 358 | 391 | 424 | 460 | 498 | 534 |
| 29 | 30 | 53 | 77 | 103 | 129 | 156 | 188 | 214 | 242 | 273 | 301 | 332 | 368 | 398 | 433 | 469 | 506 | 544 |
| 30 | 31 | 54 | 78 | 105 | 132 | 160 | 189 | 218 | 247 | 277 | 307 | 339 | 373 | 406 | 441 | 478 | 516 | 555 |
| 31 | 31 | 55 | 80 | 107 | 135 | 163 | 193 | 223 | 253 | 282 | 314 | 348 | 379 | 414 | 450 | 487 | 526 | 565 |
| 32 | 32 | 57 | 82 | 110 | 138 | 167 | 197 | 227 | 257 | 288 | 320 | 353 | 387 | 422 | 459 | 497 | 536 | 576 |
| 33 | 33 | 58 | 84 | 112 | 141 | 170 | 201 | 232 | 262 | 294 | 328 | 360 | 395 | 431 | 469 | 508 | 548 | 587 |
| 34 | 34 | 60 | 86 | 115 | 144 | 174 | 208 | 237 | 268 | 300 | 335 | 367 | 403 | 430 | 477 | 516 | 558 | 599 |
| 35 | 35 | 62 | 88 | 117 | 147 | 178 | 209 | 242 | 275 | 308 | 340 | 374 | 410 | 448 | 486 | 526 | 567 | 609 |
| 36 | 38 | 63 | 91 | 120 | 150 | 181 | 214 | 247 | 279 | 312 | 348 | 382 | 418 | 458 | 498 | 538 | 577 | 621 |
| 37 | 37 | 63 | 89 | 123 | 154 | 185 | 218 | 252 | 285 | 318 | 353 | 389 | 428 | 465 | 504 | 545 | 588 | 632 |
| 38 | 39 | 66 | 95 | 129 | 157 | 189 | 223 | 257 | 290 | 328 | 360 | 397 | 434 | 473 | 514 | 559 | 599 | 643 |
| 39 | 40 | 68 | 97 | 128 | 151 | 193 | 227 | 265 | 296 | 331 | 367 | 404 | 443 | 483 | 523 | 565 | 609 | 653 |
| 40 | 41 | 70 | 100 | 131 | 164 | 198 | 233 | 268 | 303 | 338 | 374 | 410 | 451 | 491 | 538 | 575 | 620 | 698 |
| 41 | 42 | 73 | 102 | 134 | 168 | 203 | 237 | 273 | 308 | 344 | 381 | 419 | 459 | 499 | 542 | 583 | 620 | 678 |
| 42 | 43 | 74 | 103 | 138 | 171 | 206 | 242 | 278 | 314 | 350 | 388 | 427 | 467 | 508 | 575 | 593 | 641 | 689 |
| 43 | 45 | 75 | 107 | 141 | 175 | 210 | 246 | 284 | 320 | 357 | 395 | 436 | 476 | 518 | 560 | 603 | 651 | 700 |
| 44 | 46 | 77 | 110 | 144 | 179 | 213 | 251 | 289 | 325 | 363 | 402 | 441 | 482 | 525 | 569 | 614 | 662 | 712 |
| 45 | 47 | 78 | 112 | 147 | 182 | 219 | 256 | 294 | 331 | 369 | 406 | 449 | 490 | 533 | 570 | 624 | 672 | 723 |
| 46 | 48 | 81 | 115 | 150 | 186 | 223 | 261 | 299 | 337 | 379 | 416 | 456 | 498 | 541 | 568 | 633 | 683 | 734 |
| 47 | 50 | 83 | 117 | 153 | 190 | 227 | 265 | 304 | 343 | 381 | 421 | 463 | 505 | 548 | 599 | 642 | 693 | 745 |
| 48 | 51 | 85 | 120 | 156 | 193 | 231 | 270 | 309 | 348 | 387 | 428 | 459 | 512 | 557 | 603 | 651 | 702 | 758 |
| 49 | 53 | 87 | 122 | 159 | 197 | 235 | 274 | 314 | 353 | 393 | 434 | 478 | 519 | 568 | 611 | 660 | 711 | 766 |
| 50 | 54 | 89 | 124 | 162 | 200 | 239 | 278 | 319 | 358 | 398 | 440 | 482 | 525 | 571 | 619 | 668 | 720 | 776 |
| 51 | 55 | 91 | 127 | 165 | 203 | 243 | 283 | 324 | 363 | 404 | 445 | 490 | 534 | 578 | 626 | 675 | 738 | 786 |
| 52 | 56 | 92 | 129 | 168 | 207 | 247 | 287 | 328 | 368 | 409 | 451 | 491 | 544 | 588 | 633 | 684 | 732 | 786 |
| 53 | 58 | 94 | 132 | 171 | 210 | 251 | 291 | 333 | 373 | 414 | 456 | 504 | 549 | 596 | 646 | 691 | 746 | 805 |
| 54 | 59 | 96 | 134 | 174 | 213 | 255 | 295 | 338 | 377 | 419 | 461 | 504 | 549 | 596 | 649 | 698 | 794 | 815 |
| 55 | 60 | 98 | 138 | 178 | 217 | 257 | 299 | 341 | 381 | 423 | 463 | 509 | 554 | 603 | 651 | 704 | 762 | 824 |
| 56 | 61 | 100 | 139 | 179 | 220 | 261 | 303 | 345 | 386 | 427 | 470 | 513 | 559 | 609 | 656 | 710 | 769 | 834 |
| 57 | 63 | 102 | 141 | 183 | 223 | 264 | 306 | 348 | 389 | 431 | 477 | 517 | 563 | 611 | 661 | 718 | 778 | 843 |
| 58 | 64 | 104 | 143 | 185 | 226 | 268 | 298 | 310 | 352 | 393 | 434 | 477 | 521 | 568 | 664 | 686 | 721 | 851 |
| 59 | 66 | 106 | 146 | 187 | 229 | 271 | 313 | 355 | 366 | 440 | 480 | 524 | 568 | 616 | 668 | 726 | 789 | 800 |
| 60 | 67 | 107 | 148 | 190 | 232 | 274 | 316 | 358 | 399 | 440 | 482 | 526 | 572 | 620 | 673 | 730 | 795 | 869 |

**Option II. Income for a Fixed Period** will pay to the Beneficiary equal monthly instalments for a fixed period of years as shown in the Table below. The first instalment will be paid immediately upon approval of claim for settlement. The commuted value at three per cent of any instalments may be withdrawn at any instalment date, provided

unpaid instalments, commuted at three per cent per annum compound interest, shall be paid in one sum to the executors or administrators of the payee, unless other provisions shall have been previously made and approved by the Company.

### INCOME FOR FIXED PERIOD.

**Monthly Instalments for a Fixed Period for each $1,000 of Settlement.**

| Years | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Amount | $84.47 | $42.86 | $28.99 | $22.06 | $17.91 | $15.14 | $13.18 | $11.68 | $10.53 | $9.61 | $8.86 | $8.24 | $7.71 | $7.25 | $6.87 |
| Years | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| Amount | $6.53 | $6.23 | $5.96 | $5.73 | $5.51 | $5.32 | $5.15 | $4.99 | $4.84 | $4.71 | $4.59 | $4.47 | $4.37 | $4.27 | $4.18 |

**Option III.  Income Continuous for Life.**  For each $1,000 of settlement under this Option the Company will pay to the Beneficiary equal monthly instalments for a minimum fixed period of years certain and as long thereafter as the payee may live, as shown in the table below.  The attained age of the payee shall be taken as of the birthday nearest the day on which the first instalment becomes due.   If there be two or more

Beneficiaries entitled to share in such instalments, the proceeds will be divided in proportion to the interests of the several Beneficiaries, and the share of each will be considered as the proceeds of a separate policy.  The commuted value at three per cent of any instalments certain may be withdrawn at any time provided the right has been specifically granted by the Insured.

### INCOME FOR LIFE.

**Monthly Instalments for Each $1,000 of Settlement.**

Age of Payee at First Instalment.

| Years Certain | Male Female | 10 15 and under | 11 16 | 12 17 | 13 18 | 14 19 | 15 20 | 16 21 | 17 22 | 18 23 | 19 24 | 20 25 | 21 26 | 22 27 | 23 28 | 24 29 | 25 30 | 26 31 | 27 32 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 15 20 | Amount | $3.02 3.01 3.00 | $3.04 3.03 3.02 | $3.06 3.05 3.04 | $3.08 3.07 3.06 | $3.10 3.09 3.08 | $3.12 3.11 3.10 | $3.14 3.13 3.12 | $3.16 3.15 3.14 | $3.18 3.17 3.16 | $3.21 3.20 3.19 | $3.23 3.22 3.21 | $3.26 3.25 3.24 | $3.29 3.28 3.26 | $3.32 3.31 3.29 | $3.35 3.34 3.33 | $3.38 3.37 3.35 | $3.41 3.40 3.38 | $3.45 3.43 3.41 |

Age of Payee at First Instalment.

| Years Certain | Male Female | 28 33 | 29 34 | 30 35 | 31 36 | 32 37 | 33 38 | 34 39 | 35 40 | 36 41 | 37 42 | 38 43 | 39 44 | 40 45 | 41 46 | 42 47 | 43 48 | 44 49 | 45 50 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 15 20 | Amount | $3.48 3.46 3.44 | $3.52 3.50 3.47 | $3.56 3.54 3.51 | $3.60 3.58 3.54 | $3.64 3.62 3.58 | $3.68 3.66 3.62 | $3.73 3.70 3.66 | $3.78 3.75 3.70 | $3.83 3.79 3.74 | $3.88 3.84 3.78 | $3.93 3.89 3.83 | $3.99 3.94 3.87 | $4.05 4.00 3.92 | $4.11 4.05 3.97 | $4.17 4.11 4.02 | $4.24 4.17 4.07 | $4.31 4.23 4.12 | $4.38 4.29 4.17 |

Age of Payee at First Instalment.

| Years Certain | Male Female | 46 51 | 47 52 | 48 53 | 49 54 | 50 55 | 51 56 | 52 57 | 53 58 | 54 59 | 55 60 | 56 61 | 57 62 | 58 63 | 59 64 | 60 65 | 61 66 | 62 67 | 63 68 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 15 20 | Amount | $4.46 4.36 4.23 | $4.53 4.43 4.29 | $4.61 4.50 4.34 | $4.70 4.57 4.39 | $4.79 4.64 4.45 | $4.88 4.72 4.50 | $4.98 4.79 4.56 | $5.08 4.87 4.61 | $5.18 4.95 4.66 | $5.28 5.04 4.73 | $5.39 5.12 4.79 | $5.51 5.21 4.85 | $5.63 5.29 4.90 | $5.75 5.38 4.95 | $5.88 5.47 5.00 | $6.00 5.55 5.05 | $6.14 5.64 5.10 | $6.28 5.73 5.14 |

Age of Payee at First Instalment.

| Years Certain | Male Female | 64 69 | 65 70 | 66 71 | 67 72 | 68 73 | 69 74 | 70 75 | 71 76 | 72 77 | 73 78 | 74 79 | 75 80 | 76 81 | 77 82 | 78 83 | 79 84 | 80 85 |  |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 15 20 | Amount | $6.42 5.81 5.19 | $6.57 5.90 5.23 | $6.71 5.98 5.28 | $6.86 6.06 5.30 | $7.03 6.14 5.33 | $7.17 6.21 5.36 | $7.34 6.29 5.38 | $7.48 6.35 5.41 | $7.63 6.43 5.43 | $7.78 6.48 5.44 | $7.93 6.53 5.45 | $8.08 6.57 5.46 | $8.23 6.55 5.47 | $8.38 6.53 5.48 | $8.50 6.67 5.49 | $8.62 6.73 5.50 | $8.74 6.78 5.50 |  |

**Option IV.  Fixed Income for Varying Periods.**  For each $1,000 of settlement under this option, the Company will pay to the Insured or Beneficiary stipulated monthly instalments until the proceeds are exhausted.  The first instalment immediately upon approval of claim ... per cent ... instal-

ment date, provided the right has been specifically granted by the Insured.  Should the Payee under this option die before receiving all of the instalments payable, the then present value of the unpaid instalments, commuted at three per cent per annum compound interest, shall be paid in one sum to the executors or administrators of the Payee, unless other provisions shall have been ... and approved by ...

COLUMBUS, OHIO

# Waiver of Premiums for Total and Permanent Disability on Life and Endowment Policies

If the Insured shall become totally and permanently disabled as defined herein while this policy and these disability provisions are in full force and before the anniversary of the policy on which the Insured's age at nearest birthday is sixty if male, or fifty if female, and if due proof that the Insured has become so disabled within the time aforesaid and that such disability has already continued uninterruptedly for a period of at least six months is furnished to the Company at its Home Office during the lifetime of the Insured and during the continuance of total disability the Company will, subject to the conditions and provisions hereinafter stated, waive the payment of each premium the due date of which occurs during the period of such continuous total disability and not more than one year prior to receipt at its Home Office of written notice of claim hereunder. The words "due date" as used herein mean the date for payment under the premium-paying basis (annual or installments) in effect when disability commenced, exclusive of extension periods or days of grace. Waiver of premiums shall be on such premium-paying basis.

## TOTAL AND PERMANENT DISABILITY DEFINED:

Total Disability as used herein is defined as incapacity, resulting from bodily injury or disease, to engage in any occupation for remuneration or profit. It does not include incapacity resulting from (1) disease commencing or bodily injury occurring before the insurance under said policy took effect, but not disclosed in the application for insurance under said policy; (2) military or naval service in time of war; (3) injury self-inflicted while sane or insane; (4) service in or about or travel or flight in any species of aircraft except as a fare-paying passenger in a licensed aircraft operated by a licensed transport pilot. Subject to the foregoing provisions and exceptions the total and irrecoverable loss of sight of both eyes, or the severance of both hands at or above the wrists, or both feet at or above the ankles, or one entire hand at or above the wrist and one entire foot at or above the ankle, shall be considered total disability. For the purpose of determining commencement of liability hereunder, total disability shall be presumed to be permanent after it has existed continuously for six consecutive months.

## NOTICE OF CLAIM REQUIRED:

No claim for benefits hereunder shall be valid unless written notice thereof is given to and received by the Company (a) during the lifetime of the Insured; (b) during the continuance of total disability; and (c) before the anniversary of the policy on which the Insured's age at nearest birthday is sixty if male, or fifty if female, and total and permanent disability is established as provided elsewhere herein. Failure to give such notice within such time shall not invalidate any claim if it shall be shown that it was not reasonably possible to give it within such time and that such notice was given as soon as was reasonably possible. In case any premium is in default before receipt at the Home Office of the Company of written notice of claim hereunder, waiver of premium hereunder shall be made only if such notice is so received within one year of the due date of the first premium in default, and if the total disability for which claim is made commenced prior to the expiration of the grace period allowed by this policy for payment thereof; provided, however, that if such disability commenced within such grace period the Insured shall be liable to the Company for such premium in default with interest at five per cent per annum, which amount if not paid shall be deducted from any amount payable under the policy.

## GENERAL PROVISIONS:

The sum payable in any settlement under the policy shall not be reduced by any premiums waived. Dividends and loan and surrender values shall be the same as if the premiums waived by the Company had been duly paid by the Insured. The allowance of disability benefits shall not extend the insurance against death beyond the period stipulated in the policy.

The Company may, before waiving any premium, require proof of the continuance of total and permanent disability and shall have an opportunity to make a physical examination of the Insured, but not oftener than once a year after premiums have been waived for two full years. Upon failure to furnish such proof, or if it shall appear to the Company that the Insured is no longer totally disabled as above defined, no further premiums shall be waived. Should the Insured later furnish proof that he is again totally and permanently disabled as above defined, he shall thereafter be entitled to the disability benefits herein provided, but the granting and continuance of such disability benefits shall be subject to the same conditions as disability benefits granted initially.

## PREMIUM AND TERMINATION:

The additional premium in consideration of which these disability benefits are granted is $ .65 annually and is included in the premium stated on the face of the policy.

The disability benefits herein set forth shall terminate, but without prejudice to claims arising out of disability occurring prior to such termination: (1) upon written request of the Insured accompanied by the policy for suitable endorsement; (2) if the Insured shall engage in military or naval service in time of war; (3) on the anniversary of the policy on which the Insured's age at nearest birthday is sixty if male, or fifty if female; (4) upon surrender of the policy under any of the surrender options contained therein; (5) upon marriage, if the Insured is a female. In the event of termination of such provisions the premium on this policy shall be reduced by the amount of the above additional premium. The acceptance by the Company of a premium or premiums for disability benefits after such termination shall not make the Company liable for disability benefits, nor be a waiver of such termination, but any such additional premium or portion thereof paid for a period subsequent to such termination will be refunded.

This agreement is attached to and is a part of Policy No. 176616 insuring the life of DONALD CHARLES CLARK

Dated at Columbus, Ohio, this 18th day of October, 19 47

<br>

Secretary.

Murray D. Lincoln

President.

Attest _____

Life-383--636--4-47

EAST CENTER

BARTON

BEAVER

No

CLUTTER - ON CASKETS, LIGHT WORK

No

KOSHER 4 MONTHS

No No

No

No

NONE NONE

No

NONE

ELLEN FISHER CLARK MOTHER CASH

JOHN LAWRENCE CLARK FATHER CASH

NONE

(Upper table largely obscured by an overlaid photographic image; illegible.)

| Age at Issue | End of Year | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 3 | | | | | | | | | | | | | | | | 18 | 19 | 20 |

PAID-UP FOR $1,000

## TABLE III—EXTENDED INSURANCE.
### (Expressed in Months)

| Age at Issue | End of Year | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 15 | 32 | 62 | 98 | 139 | 158 | 236 | 287 | 337 | 374 | 408 | 438 | 460 | 482 | 503 | 525 | 551 | 564 |
| 16 | 32 | 63 | 100 | 142 | 163 | 238 | 267 | 336 | 372 | 404 | 429 | 453 | 474 | 495 | 516 | 540 | 573 |
| 17 | 34 | 65 | 103 | 143 | 180 | 239 | 288 | 334 | 369 | 397 | 422 | 445 | 465 | 506 | 531 | 555 | |
| 18 | 34 | 66 | 104 | 145 | 191 | 239 | 288 | 331 | 364 | 391 | 416 | 437 | 458 | 476 | 499 | 533 | |
| 19 | 35 | 67 | 108 | 146 | 183 | 241 | 286 | 328 | 362 | 385 | 409 | 430 | 446 | 467 | 487 | 511 | 543 |
| 20 | 38 | 69 | 108 | 148 | 166 | 241 | 283 | 324 | 334 | 363 | 374 | 393 | 414 | 434 | 458 | 476 | 531 |
| 21 | 38 | 70 | 108 | 152 | 185 | 243 | 263 | 323 | 332 | 360 | 368 | 388 | 405 | 425 | 449 | 467 | 509 |
| 22 | 38 | 72 | 109 | 152 | 186 | 243 | 285 | 317 | 344 | 367 | 358 | 389 | 405 | 438 | 457 | 479 | 509 |
| 23 | 38 | 73 | 110 | 153 | 186 | 245 | 290 | 313 | 339 | 361 | 380 | 397 | 414 | 430 | 448 | 469 | 500 |
| 24 | 40 | 75 | 111 | 155 | 196 | 240 | 277 | 309 | 333 | 334 | 372 | 389 | 404 | 425 | 438 | 499 | 558 |
| 25 | 40 | 76 | 114 | 156 | 199 | 239 | 277 | 304 | 327 | 347 | 385 | 380 | 398 | 410 | 432 | 449 | 477 |
| 26 | 41 | 77 | 118 | 157 | 198 | 237 | 270 | 298 | 320 | 340 | 356 | 371 | 386 | 401 | 421 | 436 | 466 |
| 27 | 42 | 77 | 118 | 157 | 198 | 234 | 266 | 294 | 314 | 332 | 349 | 363 | 377 | 391 | 407 | 429 | 456 |
| 28 | 43 | 80 | 117 | 157 | 196 | 231 | 262 | 288 | 307 | 325 | 338 | 384 | 366 | 382 | 418 | 443 | |
| 29 | 44 | 81 | 118 | 158 | 195 | 228 | 258 | 282 | 300 | 317 | 331 | 348 | 399 | 372 | 386 | 407 | |
| 30 | 45 | 83 | 119 | 157 | 194 | 225 | 253 | 275 | 293 | 300 | 323 | 338 | 349 | 362 | 377 | 396 | 424 |
| 31 | 45 | 83 | 118 | 158 | 192 | 221 | 248 | 269 | 280 | 301 | 315 | 327 | 339 | 353 | 388 | 386 | 413 |
| 32 | 45 | 82 | 118 | 156 | 189 | 218 | 242 | 263 | 279 | 293 | 306 | 318 | 330 | 343 | 359 | 376 | 402 |
| 33 | 45 | 82 | 118 | 154 | 186 | 213 | 237 | 256 | 271 | 285 | 297 | 309 | 321 | 334 | 347 | 368 | 391 |
| 34 | 46 | 83 | 117 | 153 | 183 | 209 | 231 | 250 | 264 | 284 | 289 | 300 | 311 | 323 | 337 | 355 | 380 |
| 35 | 47 | 83 | 117 | 160 | 179 | 204 | 224 | 243 | 256 | 269 | 281 | 291 | 302 | 314 | 327 | 348 | 370 |
| 36 | 47 | 83 | 117 | 148 | 178 | 198 | 219 | 236 | 249 | 261 | 271 | 282 | 292 | 304 | 317 | 334 | 358 |
| 37 | 47 | 83 | 116 | 145 | 173 | 193 | 212 | 228 | 241 | 253 | 263 | 273 | 283 | 295 | 307 | 323 | 348 |
| 38 | 49 | 81 | 113 | 143 | 167 | 186 | 206 | 221 | 233 | 244 | 254 | 264 | 274 | 284 | 296 | 313 | 333 |
| 39 | 48 | 81 | 111 | 138 | 163 | 181 | 199 | 214 | 228 | 236 | 245 | 256 | 263 | 278 | 287 | 303 | 326 |
| 40 | 48 | 81 | 110 | 138 | 158 | 177 | 195 | 207 | 218 | 228 | 237 | 246 | 255 | 266 | 277 | 292 | 315 |
| 41 | 48 | 80 | 107 | 131 | 155 | 171 | 188 | 200 | 210 | 219 | 228 | 237 | 248 | 258 | 269 | 282 | 305 |
| 42 | 48 | 78 | 105 | 128 | 148 | 165 | 180 | 192 | 203 | 211 | 219 | 228 | 237 | 246 | 258 | 272 | 295 |
| 43 | 48 | 78 | 101 | 124 | 143 | 159 | 173 | 185 | 194 | 203 | 211 | 219 | 227 | 237 | 248 | 262 | 284 |
| 44 | 47 | 74 | 99 | 120 | 138 | 153 | 166 | 178 | 188 | 195 | 203 | 210 | 218 | 227 | 237 | 251 | 274 |
| 45 | 46 | 72 | 95 | 116 | 133 | 147 | 159 | 170 | 179 | 188 | 194 | 202 | 209 | 218 | 229 | 242 | 263 |
| 46 | 45 | 70 | 92 | 111 | 127 | 141 | 153 | 163 | 170 | 186 | 185 | 193 | 200 | 209 | 219 | 232 | 252 |
| 47 | 44 | 68 | 89 | 107 | 123 | 135 | 146 | 155 | 162 | 178 | 177 | 184 | 191 | 200 | 210 | 222 | 242 |
| 48 | 44 | 65 | 85 | 103 | 118 | 130 | 140 | 148 | 168 | 162 | 168 | 176 | 183 | 191 | 200 | 212 | 232 |
| 49 | 41 | 63 | 81 | 97 | 111 | 123 | 133 | 141 | 146 | 153 | 158 | 165 | 174 | 183 | 191 | 203 | 222 |
| 50 | 40 | 60 | 77 | 93 | 106 | 117 | 127 | 135 | 141 | 147 | 153 | 159 | 166 | 173 | 182 | 193 | 211 |
| 51 | 38 | 58 | 74 | 89 | 101 | 112 | 120 | 128 | 134 | 140 | 145 | 151 | 157 | 164 | 173 | 183 | 202 |
| 52 | 38 | 56 | 72 | 85 | 97 | 106 | 115 | 121 | 127 | 132 | 138 | 143 | 149 | 156 | 164 | 175 | 193 |
| 53 | 33 | 53 | 67 | 80 | 91 | 98 | 108 | 113 | 120 | 125 | 130 | 135 | 141 | 148 | 155 | 165 | 183 |
| 54 | 33 | 51 | 63 | 76 | 85 | 94 | 102 | 108 | 113 | 118 | 123 | 128 | 133 | 139 | 147 | 156 | 173 |
| 55 | 31 | 47 | 60 | 71 | 81 | 89 | 96 | 103 | 107 | 113 | 118 | 121 | 126 | 131 | 138 | 148 | 163 |
| 56 | 30 | 43 | 57 | 67 | 76 | 84 | 90 | 96 | 101 | 105 | 109 | 114 | 118 | 123 | 130 | 139 | 154 |
| 57 | 30 | 43 | 53 | 63 | 72 | 79 | 85 | 90 | 95 | 99 | 103 | 107 | 111 | 116 | 122 | 131 | 144 |
| 58 | 28 | 42 | 50 | 60 | 67 | 74 | 80 | 85 | 90 | 93 | 96 | 100 | 104 | 108 | 115 | 122 | 138 |
| 59 | 28 | 37 | 47 | 56 | 63 | 69 | 75 | 79 | 83 | 87 | 90 | 94 | 97 | 102 | 107 | 114 | 126 |
| 60 | 26 | 36 | 44 | 51 | 58 | 64 | 69 | 74 | 77 | 81 | 84 | | | | | | |

EXTENDED FOR LIFE

## TABLE II—PAID-UP WHOLE LIFE INSURANCE.

| Age at Issue | End of Year: | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 15 | $81 | $114 | $228 | $284 | $344 | $401 | $403 | $400 | $531 | $565 | $616 | $672 | $726 | $780 | $835 | $885 | $943 | |
| 16 | 61 | 115 | 164 | 228 | 286 | 344 | 401 | 403 | 483 | 514 | 588 | 610 | 673 | 726 | 781 | 835 | 889 | 943 |
| 17 | 62 | 116 | 172 | 228 | 287 | 345 | 403 | 405 | 483 | 514 | 586 | 619 | 673 | 727 | 781 | 835 | 890 | 944 |
| 18 | 62 | 117 | 172 | 230 | 289 | 345 | 403 | 405 | 483 | 516 | 587 | 621 | 679 | 728 | 782 | 835 | 891 | 944 |
| 19 | 64 | 118 | 173 | 232 | 290 | 348 | 405 | 405 | 483 | 518 | 568 | 621 | 679 | 728 | 783 | 836 | 891 | 944 |
| 20 | 65 | 118 | 175 | 232 | 291 | 348 | 405 | 404 | 517 | 571 | 623 | 678 | 721 | 781 | 836 | 891 | 944 | |
| 21 | 66 | 120 | 175 | 234 | 291 | 350 | 407 | 466 | 519 | 571 | 626 | 679 | 733 | 783 | 837 | 891 | 944 | |
| 22 | 67 | 121 | 176 | 235 | 292 | 351 | 410 | 468 | 520 | 571 | 626 | 678 | 733 | 783 | 893 | 944 | | |
| 23 | 68 | 125 | 176 | 237 | 295 | 351 | 411 | 468 | 521 | 573 | 627 | 680 | 733 | 785 | 838 | 883 | 944 | |
| 24 | 69 | 126 | 179 | 236 | 296 | 353 | 411 | 470 | 521 | 575 | 627 | 680 | 735 | 785 | 838 | 883 | 944 | |
| 25 | 69 | 128 | 181 | 239 | 298 | 358 | 411 | 470 | 534 | 570 | 629 | 680 | 733 | 765 | 839 | 893 | 945 | |
| 26 | 70 | 127 | 183 | 240 | 299 | 358 | 414 | 470 | 524 | 577 | 629 | 681 | 739 | 758 | 829 | 893 | 945 | |
| 27 | 72 | 127 | 183 | 241 | 300 | 357 | 414 | 473 | 523 | 578 | 630 | 683 | 736 | 769 | 840 | 893 | 945 | |
| 28 | 73 | 130 | 184 | 242 | 300 | 358 | 415 | 474 | 526 | 579 | 631 | 684 | 739 | 788 | 840 | 894 | 946 | |
| 29 | 73 | 130 | 186 | 245 | 301 | 358 | 417 | 474 | 526 | 579 | 631 | 684 | 737 | 788 | 841 | 894 | 946 | |
| 30 | | 130 | 187 | 245 | 303 | 341 | 419 | 527 | 580 | 631 | 684 | 737 | 789 | 841 | 894 | 947 | | |
| 31 | | 133 | 187 | 245 | 304 | 361 | 420 | 476 | 528 | 581 | 634 | 685 | 736 | 788 | 843 | 894 | 947 | |
| 32 | | 132 | 188 | 248 | 305 | 363 | 420 | 478 | 528 | 581 | 634 | 686 | 738 | 790 | 842 | 894 | 948 | |
| 33 | | 133 | 189 | 248 | 306 | 363 | 421 | 479 | 530 | 582 | 635 | 686 | 738 | 790 | 842 | 894 | 948 | |
| 34 | | 133 | 190 | 248 | 307 | 364 | 421 | 478 | 530 | 583 | 635 | 686 | 738 | 790 | 843 | 894 | 948 | |
| 35 | 78 | 137 | 191 | 249 | 308 | 366 | 423 | 479 | 530 | 583 | 635 | 686 | 738 | 790 | 842 | 895 | 948 | |
| 36 | 79 | 137 | 194 | 251 | 308 | 366 | 423 | 480 | 532 | 583 | 635 | 687 | 738 | 790 | 841 | 894 | 945 | |
| 37 | 60 | 138 | 195 | 253 | 311 | 368 | 423 | 480 | 532 | 584 | 635 | 687 | 738 | 790 | 841 | 894 | 946 | |
| 38 | 63 | 138 | 195 | 253 | 311 | 367 | 424 | 480 | 533 | 584 | 636 | 687 | 738 | 790 | 841 | 893 | 843 | |
| 39 | 63 | 139 | 195 | 253 | 311 | 367 | 424 | 480 | 533 | 584 | 636 | 697 | 739 | 790 | 841 | 893 | 843 | |
| 40 | 54 | 141 | 198 | 254 | 312 | 370 | 425 | 482 | 533 | 586 | 636 | 686 | 738 | 790 | 841 | 893 | 945 | |
| 41 | 56 | 143 | 196 | 255 | 313 | 370 | 425 | 482 | 534 | 585 | 636 | 686 | 738 | 788 | 840 | 892 | 944 | |
| 42 | 56 | 143 | 200 | 255 | 313 | 371 | 426 | 483 | 534 | 584 | 636 | 685 | 738 | 788 | 840 | 892 | 944 | |
| 43 | 57 | 145 | 198 | 257 | 315 | 371 | 428 | 483 | 534 | 584 | 635 | 685 | 737 | 787 | 839 | 890 | 944 | |
| 44 | 57 | 144 | 201 | 258 | 315 | 372 | 427 | 483 | 534 | 584 | 635 | 684 | 736 | 787 | 839 | 890 | 944 | |
| 45 | 67 | 148 | 201 | 259 | 315 | 372 | 427 | 482 | 533 | 583 | 633 | 684 | 734 | 785 | 838 | 890 | 943 | |
| 46 | 68 | 145 | 202 | 260 | 316 | 372 | 428 | 481 | 532 | 583 | 633 | 683 | 734 | 784 | 835 | 887 | 942 | |
| 47 | 69 | 145 | 202 | 260 | 316 | 372 | 426 | 480 | 531 | 581 | 631 | 682 | 732 | 783 | 835 | 887 | 942 | |
| 48 | 90 | 147 | 203 | 260 | 316 | 371 | 426 | 479 | 531 | 580 | 631 | 680 | 730 | 782 | 833 | 886 | 941 | |
| 49 | 90 | 148 | 203 | 260 | 317 | 371 | 426 | 479 | 528 | 579 | 628 | 679 | 729 | 782 | 833 | 886 | 940 | |
| 50 | 91 | 148 | 203 | 260 | 316 | 371 | 425 | 479 | 527 | 577 | 627 | 670 | 727 | 777 | 830 | 883 | 939 | |
| 51 | 91 | 148 | 203 | 260 | 318 | 370 | 424 | 477 | 526 | 578 | 624 | 674 | 724 | 778 | 828 | 882 | 938 | |
| 52 | 91 | 148 | 203 | 260 | 319 | 370 | 423 | 475 | 523 | 574 | 623 | 673 | 721 | 773 | 825 | 896 | 937 | |
| 53 | 91 | 148 | 204 | 260 | 319 | 369 | 422 | 473 | 523 | 572 | 572 | 621 | 668 | 719 | 771 | 823 | 878 | 935 |
| 54 | 93 | 149 | 204 | 259 | 319 | 369 | 421 | 472 | 523 | 570 | 621 | 670 | 718 | 767 | 821 | 876 | 933 | |
| 55 | 93 | 149 | 204 | 259 | 314 | 368 | 418 | 471 | 519 | 567 | 616 | 664 | 713 | 765 | 817 | 873 | 934 | |
| 56 | 93 | 149 | 204 | 259 | 313 | 366 | 418 | 468 | 518 | 564 | 615 | 662 | 710 | 760 | 813 | 870 | 932 | |
| 57 | 94 | 150 | 204 | 258 | 313 | 368 | 419 | 468 | 517 | 564 | 610 | 657 | 708 | 757 | 810 | 877 | 930 | |
| 58 | 94 | 150 | 204 | 259 | 312 | 364 | 419 | 463 | 512 | 558 | 606 | 653 | 701 | 752 | 807 | 864 | 927 | |
| 59 | 94 | 149 | 203 | 258 | 311 | 363 | 414 | 463 | 509 | 555 | 602 | 648 | 697 | 749 | 807 | 801 | 925 | |
| 60 | 86 | 149 | 204 | 258 | 310 | 353 | 412 | 490 | 507 | 552 | 598 | 697 | 944 | 693 | 743 | 798 | 457 | 923 |

## TABLE III—EXTENDED INSURANCE.
### (Expressed in Months)

| Age at Issue | End of Year: | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 15 | 32 | 62 | 88 | 113 | 132 | 138 | 230 | 267 | 337 | 374 | 408 | 438 | 460 | 462 | 503 | 523 | 581 | 594 |
| 16 | 33 | 65 | 100 | 142 | 162 | 188 | 238 | 267 | 338 | 373 | 404 | 429 | 463 | 474 | 495 | 515 | 540 | 573 |
| 17 | 34 | 69 | 103 | 143 | 190 | 213 | 288 | 334 | 360 | 397 | 422 | 418 | 465 | 485 | 505 | 531 | 551 | |
| 18 | 34 | 66 | 104 | 146 | 192 | 223 | 288 | 331 | 384 | 361 | 409 | 429 | 445 | 487 | 487 | 511 | 545 | |
| 19 | 33 | 67 | 105 | 145 | 183 | 241 | 288 | 328 | 376 | 388 | 409 | 445 | 467 | 487 | 511 | 545 | | |
| 20 | 35 | 69 | 108 | 149 | 195 | 241 | 288 | 324 | 374 | 381 | 402 | 431 | 440 | 458 | 478 | 501 | 531 | |
| 21 | 35 | 70 | 108 | 151 | 195 | 243 | 284 | 323 | 356 | 381 | 405 | 423 | 431 | 449 | 467 | 489 | 522 | |
| 22 | 38 | 72 | 109 | 152 | 195 | 243 | 283 | 317 | 344 | 367 | 388 | 401 | 420 | 427 | 457 | 479 | 509 | |
| 23 | 39 | 72 | 111 | 154 | 196 | 240 | 277 | 309 | 339 | 361 | 380 | 397 | 414 | 430 | 448 | 489 | 500 | |
| 24 | 40 | 78 | 112 | 155 | 195 | 240 | 277 | 309 | 333 | 354 | 373 | 388 | 404 | 420 | 438 | 452 | 488 | |
| 25 | 40 | 74 | 114 | 189 | 189 | 238 | 273 | 303 | 327 | 347 | 365 | 380 | 385 | 398 | 411 | 417 | 438 | 477 |
| 26 | 41 | 77 | 116 | 187 | 189 | 237 | 270 | 298 | 324 | 332 | 347 | 368 | 386 | 401 | 417 | 438 | 486 | |
| 27 | 41 | 77 | 116 | 157 | 192 | 234 | 266 | 291 | 314 | 333 | 348 | 363 | 377 | 391 | 407 | 423 | 458 | |
| 28 | 43 | 80 | 116 | 157 | 196 | 231 | 262 | 288 | 303 | 324 | 339 | 356 | 362 | 382 | 397 | 418 | 445 | |
| 29 | 45 | 81 | 116 | 157 | 191 | 225 | 255 | 282 | 303 | 324 | 335 | 348 | 359 | 372 | 388 | 407 | 438 | |
| 30 | 44 | 83 | 119 | 187 | 194 | 226 | 257 | 276 | 292 | 309 | 323 | 338 | 349 | 362 | 377 | 396 | 424 | |
| 31 | 45 | 82 | 118 | 158 | 182 | 221 | 248 | 269 | 287 | 303 | 317 | 328 | 338 | 347 | 365 | 383 | 413 | |
| 32 | 45 | 83 | 118 | 156 | 189 | 218 | 242 | 263 | 278 | 293 | 306 | 318 | 300 | 328 | 347 | 363 | 403 | |
| 33 | 46 | 83 | 118 | 154 | 186 | 213 | 236 | 256 | 271 | 285 | 297 | 319 | 301 | 314 | 334 | 347 | 391 | |
| 34 | 43 | 83 | 117 | 153 | 183 | 209 | 231 | 250 | 264 | 277 | 288 | 300 | 312 | 313 | 323 | 337 | 358 | 380 |
| 35 | 47 | 83 | 117 | 150 | 179 | 204 | 224 | 243 | 258 | 269 | 281 | 265 | 264 | 303 | 317 | 343 | 370 | |
| 36 | 47 | 83 | 115 | 146 | 173 | 197 | 219 | 236 | 248 | 261 | 272 | 282 | 304 | 317 | 334 | 353 | 335 | |
| 37 | 48 | 83 | 115 | 148 | 172 | 190 | 212 | 228 | 241 | 132 | 262 | 273 | 283 | 283 | 307 | 323 | 348 | |
| 38 | 49 | 83 | 114 | 143 | 167 | 188 | 206 | 221 | 231 | 333 | 244 | 264 | 304 | 274 | 298 | 313 | 336 | |
| 39 | 49 | 81 | 111 | 133 | 162 | 182 | 199 | 214 | 226 | 238 | 236 | 246 | 258 | 275 | 287 | 303 | 328 | |
| 40 | 49 | 81 | 110 | 135 | 152 | 177 | 193 | 207 | 318 | 237 | 227 | 245 | 255 | 205 | 277 | 283 | 302 | 316 |
| 41 | 49 | 80 | 107 | 131 | 171 | 186 | 201 | 210 | 210 | 219 | 227 | 237 | 248 | 259 | 268 | 283 | 308 | |
| 42 | 49 | 78 | 105 | 129 | 148 | 168 | 182 | 192 | 202 | 211 | 218 | 227 | 237 | 237 | 248 | 251 | 296 | |
| 43 | 48 | 78 | 102 | 124 | 143 | 160 | 173 | 185 | 192 | 200 | 210 | 218 | 227 | 237 | 248 | 258 | 284 | |
| 44 | 44 | 74 | 99 | 120 | 138 | 153 | 165 | 175 | 185 | 189 | 203 | 210 | 251 | 237 | 237 | 248 | 251 | 274 |
| 45 | 48 | 72 | 96 | 116 | 132 | 147 | 159 | 170 | 179 | 186 | 194 | 203 | 209 | 218 | 227 | 242 | 253 | |
| 46 | 47 | 72 | 95 | 114 | 132 | 141 | 153 | 162 | 171 | 178 | 186 | 193 | 193 | 201 | 209 | 219 | 232 | 252 |
| 47 | 44 | 69 | 92 | 111 | 127 | 138 | 148 | 153 | 163 | 170 | 177 | 194 | 191 | 300 | 210 | 222 | 243 | |
| 48 | 41 | 65 | 87 | 107 | 121 | 121 | 140 | 148 | 156 | 162 | 159 | 175 | 182 | 191 | 200 | 212 | 233 | |
| 49 | 41 | 65 | 87 | 107 | 116 | 126 | 134 | 141 | 148 | 155 | 161 | 167 | 174 | 183 | 191 | 203 | 223 | |
| 50 | 40 | 80 | 77 | 93 | 106 | 117 | 127 | 135 | 141 | 147 | 153 | 159 | 165 | 173 | 183 | 193 | 211 | |
| 51 | 38 | 58 | 75 | 96 | 101 | 111 | 120 | 128 | 134 | 140 | 148 | 152 | 158 | 166 | 176 | 175 | 202 | |
| 52 | 36 | 55 | 70 | 86 | 98 | 105 | 116 | 122 | 127 | 133 | 138 | 143 | 149 | 156 | 166 | 175 | 192 | |
| 53 | 35 | 52 | 67 | 81 | 92 | 101 | 108 | 114 | 120 | 125 | 130 | 135 | 141 | 148 | 155 | 165 | 182 | |
| 54 | 34 | 49 | 63 | 76 | 86 | 94 | 102 | 107 | 112 | 118 | 118 | 121 | 128 | 135 | 138 | 146 | 163 | |
| 55 | 31 | 47 | 60 | 71 | 81 | 88 | 94 | 99 | 104 | 109 | 113 | 117 | 121 | 128 | 133 | 133 | 148 | 163 |
| 56 | 31 | 45 | 57 | 68 | 76 | 84 | 90 | 95 | 99 | 109 | 108 | 112 | 117 | 119 | 118 | 131 | 141 | 154 |
| 57 | 30 | 43 | 55 | 65 | 73 | 78 | 85 | 89 | 93 | 96 | 100 | 104 | 109 | 106 | 131 | 122 | 135 | |
| 58 | 28 | 41 | 51 | 60 | 67 | 73 | 74 | 80 | 85 | 90 | 94 | 94 | 104 | 102 | 107 | 114 | 125 | |

**IMPORTANT**

...ABOUT YOUR POLICY, OR IF ANYONE SHOULD ATTEMPT ...YOUR POLICY, OR IF YOU DO NOT UNDERSTAND ITS PRO- ...YOUR LETTER WILL RECEIVE PROMPT AND COURTEOUS ...COMPANY OF ANY CHANGE IN YOUR ADDRESS.

...FOR THE INSURED OR BENEFICIARY TO EMPLOY AN ATTORNEY OR ANY ...FIRM OR CORPORATION TO COLLECT THE INSURANCE UNDER THIS POLICY, ...SECURE ANY OF THE BENEFITS IT PROVIDES.  TIME AND EXPENSE WILL BE SAVED BY ...TING TO THE HOME OFFICE OF THE COMPANY.

FARM BUREAU LIFE INSURANCE COMPANY
COLUMBUS, OHIO

FARM BUREAU
LIFE INSURANCE
COMPANY

COLUMBUS, OHIO

Insured  DONALD CHARLES CLARK

Policy Number      176616

Amount..............$1,000

Date of Policy   October 18, 1947

Annual Premium......$27.79

Semi-Annual Premium...$14.45

Quarterly Premium.....$ 7.36

**TWENTY PAYMENT LIFE**
Premiums Payable for 20 Years
THIS POLICY PARTICIPATES IN THE DIVISIBLE SURPLUS OF THE COMPANY

DO NOT WRITE IN SPACE BELOW.  FOR HOME OFFICE USE ONLY.

## REGISTER OF CHANGE OF BENEFICIARY

| DATE ENDORSED | BENEFICIARY | ENDORSED BY |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |



## MODIFIED SINGLE PREMIUM UNIVERSAL LIFE INSURANCE POLICY

*Limited Premium Flexibility *Death Proceeds payable at Insured's death
prior to the Maturity Date *Maturity Proceeds payable on the
Maturity Date *Not eligible for dividends